PRYOR CASHMAN LLP
Brad D. Rose (BR-2740)
brose@pryorcashman.com
Ilene S. Farkas (IF-3212)
ifarkas@pryorcashman.com
Rebecca M. Siegel (RS-1137)
rsiegel@pryorcashman.com
7 Times Square
New York, New York 10036
Tel: (212) 421-4100
Fax: (212) 798-6382

*Attorneys for Defendants Beyoncé Giselle
Knowles-Carter and Parkwood Entertainment, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHMAD JAVON LANE, an individual, | Civil Action No. 1:14-CV-06798-PAE |
| Plaintiff, | |
| -against- | |
| BEYONCÉ KNOWLES CARTER; PARKWOOD ENTERTAINMENT; and COLUMBIA RECORDS, | |
| Defendants. | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
## THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT ....................................................................................... 1

STATEMENT OF FACTS ............................................................................................. 3

    A.  The Plaintiff ............................................................................................... 3

    B.  The Defendants .......................................................................................... 3

    C.  Plaintiff Brings Suit for Infringement ....................................................... 4

ARGUMENT ................................................................................................................ 6

  I.   STANDARD OF REVIEW ................................................................................... 6

 II.  PLAINTIFF FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT ...... 10

    A.  The Alleged Similarities Between The Musical Works Are
        Unoriginal As To Plaintiff And Unprotectable As A Matter Of Law ......................... 11

      1.  The Title Of Plaintiff's Song Is Not Copyrightable ............................................. 11

      2.  The Letters "XO" Are Not Protectable .................................................................. 12

      3.  There Are No Protectable Melodic
           Similarities Between The Works At Issue ............................................................. 13

    B.  No "Substantial Similarity" Exists
        Between Plaintiff's Song And Defendants' Song ....................................... 15

    C.  Plaintiff Has Not Pled Ownership Of A Valid
        Copyright In The Music Of Plaintiff's Song ............................................... 18

    D.  Plaintiff Has Not Stated A Claim Under The Digital
        Millennium Copyright Act or Section 506 of the Copyright Act ................ 19

CONCLUSION ............................................................................................................. 21

## TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE(s)**

*Acuff-Rose Music v. Jostens, Inc.,*
   155 F.3d 140 (2d Cir. 1998) ........................................................................................13

*Arica Institute v. Palmer,*
   970 F.2d 1067 (2d Cir. 1992) ................................................................................11, 12

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ...............................................................................................6, 10

*Barnhart v. Federated Dep't Stores, Inc.,*
   No. 04 Civ. 3668 (JGK), 2005 U.S. Dist. LEXIS 3631 (S.D.N.Y. Mar. 8, 2005) ...................20

*Bay Harbour Management LLC v. Carothers,*
   282 F. App'x 71 (2d Cir. 2008) ......................................................................................7

*Bell v. Blaze Magazine,*
   No. 99 CIV 12342 (RCC), 2001 U.S. Dist. LEXIS 2783
   (S.D.N.Y. Mar. 15, 2001) .................................................................................9, 11, 12

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ..........................................................................................6, 7, 10

*Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.,*
   369 F.3d 212 (2d Cir. 2004) ..........................................................................................7

*Boone v. Jackson,*
   206 F. App'x 30 (2d Cir. 2006) ....................................................................................12

*Boyle v. Stephens, Inc.,*
   No. 97 Civ. 1351 (SAS), 1997 U.S. Dist. LEXIS 12780 (S.D.N.Y. Aug. 25, 1997),
   *aff'd,* 21 F. App'x 76 (2d Cir. 2001) ...........................................................................12

*Buckman v. Citicorp,*
   No. 95 Civ. 0773 (MBM), 1996 U.S. Dist. LEXIS 891 (S.D.N.Y. Jan. 29, 1996),
   *aff'd,* No. 96-7236, 1996 U.S. App. LEXIS 20881 (2d Cir. Aug. 14, 1996) ...........................8

*Canal+ Image UK, Ltd. v. Lutvak,*
   773 F. Supp. 2d 419 (S.D.N.Y. 2011) .............................................................................8

*Chambers v. Time Warner, Inc.,*
   282 F.3d 147 (2d Cir. 2002) ..........................................................................................7

*Chapman v. Universal Motown Records Group,*
   No. 08 Civ. 3255 (LAP), 2010 U.S. Dist. LEXIS 11015 (S.D.N.Y. Feb. 3, 2010) ..........11, 13

*Cortec Industries v. Sum Holding L.P.,*
   949 F.2d 42 (2d Cir. 1991) ............................................................................................7

ii

## CASES                                                                                      PAGE(s)

*Currin v. Arista Records, Inc.*,
   724 F. Supp. 2d 286 (D. Conn. 2010),
   *aff'd sub nom.*, *Currin v. Williams*, 428 F. App'x 21 (2d Cir. 2011) ................................12, 14

*Dobson v. NBA Properties, Inc.*,
   No. 98 Civ. 7696 (RWS), 1999 U.S. Dist. LEXIS 1834 (S.D.N.Y. Feb. 19, 1999) ...............11

*Donald Frederick Evans & Assocs., Inc. v. Continental Homes, Inc.*,
   785 F.2d 897 (11th Cir. 1986) ..................................................................................................20

*Eden Toys, Inc. v. Florelee Undergarment Co.*,
   697 F.2d 27, 37 (2d Cir. 1982)..................................................................................................20

*Edwards v. Raymond*,
   22 F. Supp. 3d 293 (S.D.N.Y. 2014) ...........................................................................11, 15, 17

*Esbin & Alter, LLP v. Zappier*,
   No. 08 Civ. 313, 2011 U.S. Dist. LEXIS 27881 (S.D.N.Y. Mar. 17, 2011) ...........................20

*Feist Publications, Inc. v. Rural Telephone Service Co.*,
   499 U.S. 340 (1991) ..................................................................................................................11

*First Nationwide Bank v. Gelt Funding Corp.*,
   27 F.3d 763 (2d Cir. 1994) ..........................................................................................................7

*Gottlieb Development LLC v. Paramount Pictures Corp.*,
   590 F. Supp. 2d 625 (S.D.N.Y. 2008) .......................................................................................11

*Gottwald v. Jones*,
   No. 11 Civ. 1432 (CM) (FM), 2011 U.S. Dist. LEXIS 103414
   (S.D.N.Y. Sept. 12, 2011) ......................................................................................................8, 13

*Intersong-USA v. CBS, Inc.*,
   757 F. Supp. 274 (S.D.N.Y. 1991) ............................................................................................14

*James v. Central Casting N.Y.*,
   No. 13 Civ. 3859(GBD)(JCF), 2014 U.S. Dist. LEXIS 102014
   (S.D.N.Y. July 24, 2014) .............................................................................................................7

*John Wiley & Sons, Inc. v. DRK Photo*,
   998 F. Supp. 2d 262 (S.D.N.Y. 2014) .......................................................................................18

*Jorgensen v. Epic/Sony Records*,
   351 F.3d 46 (2d Cir. 2003) ........................................................................................................10

**CASES**                                                       **PAGE(s)**

*Kamanou v. Executive Secretary of the Commission of the Economic Committee,*
No. 10 Civ. 7286 (GBD) (JLC), 2012 U.S. Dist. LEXIS 7647
(S.D.N.Y. Jan. 19, 2012) .................................................................................7, 18

*Klauber Bros. v. Bon-Ton Stores, Inc.,*
557 F. App'x 77 (2d Cir. 2014) ..................................................................9

*La Pietra v. RREEF America, L.L.C.,*
738 F. Supp. 2d 432 (S.D.N.Y. 2010) ........................................................7

*Lentell v. Merrill Lynch & Co.,*
396 F.3d 161 (2d Cir. 2005) ......................................................................7

*Maxwood Music Ltd. v. Malakian,*
713 F. Supp. 2d 327 (S.D.N.Y. 2010) ........................................................12

*Oldham v. Universal Music Group,*
No. 09 Civ. 7385 (LMM), 2010 U.S. Dist. LEXIS 126697 (S.D.N.Y. Nov. 29, 2010) ..........13

*Peter F. Gaito Architecture, LLC v. Simone Development Corp.,*
602 F.3d 57 (2d Cir. 2010) ...............................................................9, 15, 16

*Peters v. West,*
692 F.3d 629 (7th Cir. 2012) ......................................................................12

*Poindexter v. EMI Record Group, Inc.,*
No. 11 Civ. 559 (LTS)(JLC), 2012 U.S. Dist. LEXIS 42174
(S.D.N.Y. Mar. 27, 2012) ...........................................................................8

*Pyatt v. Raymond,*
No. 10 Civ. 8764 (CM), 2011 U.S. Dist. LEXIS 55754 (S.D.N.Y. May 19, 2011),
*aff'd,* 462 F. App'x 22 (2d Cir. 2012) ...............................................................*passim*

*Rapoport v. Asia Electronics Holding Co.,*
88 F. Supp. 2d 179 (S.D.N.Y. 2000) ..........................................................8

*Reed Elsevier, Inc. v. Muchnick,*
559 U.S. 154 (2010) ...................................................................................18

*Staggs v. West,*
Civ. No. PJM 08-728, 2009 U.S. Dist. LEXIS 72275 (D. Md. Aug. 14, 2009) ....................13

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
551 U.S. 308 (2007) ...................................................................................7

**CASES**                                                                                          **PAGE(s)**

*Too, Inc. v. Kohl's Dep't Stores, Inc.*,
  210 F. Supp. 2d 402 (S.D.N.Y. 2002) ....................................................................................20

*TufAmerica, Inc. v. Diamond*,
  968 F. Supp. 2d 588 (S.D.N.Y. 2013) ......................................................................................9

*TufAmerica, Inc. v. WB Music Corp.*,
  No. 13-cv-7874 (LAK), 2014 U.S. Dist. LEXIS 170008
  (S.D.N.Y. Dec. 8, 2014) ...............................................................................8, 9, 14, 17

*Wager v. Littell*,
  549 F. App'x 32 (2d Cir. 2013) ..............................................................................................7


**STATUTES AND REGULATIONS**

37 C.F.R. § 202.1(a) ............................................................................................................12

The Digital Millennium Copyright Act of 1998..................................................................*passim*

Fed. R. Civ. P. 8(a) .........................................................................................................1, 5
               8(a)(2) ..........................................................................................................6
               12(b)(6) .....................................................................................................1, 5

Fed. R. Evid. 201(c) .............................................................................................................9
               902(6) .........................................................................................................9

17 U.S.C. § 102.............................................................................................................5, 19
           § 411(a) .....................................................................................................18
           § 506 .....................................................................................................*passim*
           § 506(c) .........................................................................................................20

Defendants Beyoncé Giselle Knowles-Carter (incorrectly sued as Beyonce Knowles Carter) ("Carter") and Parkwood Entertainment, LLC ("Parkwood, and together with Carter, "Defendants")[1], respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff Ahmad Javon Lane's ("Plaintiff" or "Lane") Amended Complaint (the "Amended Complaint" or "Am. Compl.")[2] pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6) ("Defendants' Motion").

## PRELIMINARY STATEMENT

Plaintiff's second (and final) attempt at pleading his copyright infringement claim fares no better than the first. Rather than rectify the litany of fundamental infirmities detailed and briefed in Defendants' original Motion to Dismiss, the Amended Complaint is actually more vague and cryptic than the original. While Plaintiff may still be claiming that Defendants' song, "XO" ("Defendants' Song"), copies his composition entitled, "XOXO" ("Plaintiff's Song"), there is not a single allegation in the Amended Complaint that suggests which aspects of Defendants' Song are infringing. Even with the benefit of Defendants' Motion to Dismiss, one is still left to guess what aspects of Plaintiff's claim he may have abandoned, and what the supposed remaining similarities may be, including whether Plaintiff takes issue with the appearance of the unprotectable phrase "XO" in the title and lyrics of both songs and/or any aspects of the songs' melodies. Moreover, even though Plaintiff has cut his pleading down to

---

[1] In the Amended Complaint, Plaintiff appears to have dropped his claims against Sony Music Entertainment (incorrectly sued in the Initial Complaint as "Columbia Records"). However, to the extent Sony is still considered to be a Defendant, it joins in Defendants' Motion to Dismiss Plaintiff's Amended Complaint.

[2] A true and correct copy of the Amended Complaint is annexed as Exhibit A to the Declaration of Ilene S. Farkas, dated June 4, 2015 (the "Farkas Decl."). References herein to "Ex. _" are to the exhibits annexed to the Farkas Declaration.

two sentences – from the original seven sentences – he has elected to increase his damages demand to more than double this original amount, to $7.11 million.

After being given every opportunity to elaborate on whatever claim he believes he may have, one thing remains clear: there simply are no protectable – or even audible – similarities between these two songs. Defendants respectfully submit that while the Amended Complaint can and should be dismissed with prejudice given Plaintiff's failure to meet any pleading standard, should the Court evaluate Plaintiff's "claims," the Court can hear for itself that, as a matter of law, no protectable expression has been, nor can be, identified by Plaintiff. Indeed, the two works at issue are entirely different songs that share no lyrical or musical similarity, other than perhaps the letters "X" and "O." After applying the ordinary observer/listener test (which this Court can do on Defendants' instant 12(b)(6) motion as a matter of well-established precedent), it is obvious that no actionable copying has occurred here.

Finally, Plaintiff's new and vague conclusions that Defendants have somehow violated unidentified provisions of the Digital Millennium Copyright Act ("DMCA") and Section 506 of the U.S. Copyright Act must be dismissed. Even the most cursory reviews of the DMCA and § 506 reveals that they have no application to this case and § 506 does not even provide for private causes of action.

Accordingly, even giving Plaintiff's allegations the most generous treatment possible, by considering the Initial Complaint and the communications between the parties as supplementing the pleadings, Defendants' Motion should be granted in its entirety and the Amended Complaint dismissed with prejudice.

## STATEMENT OF FACTS

### A.    The Plaintiff

Plaintiff claims to be owner of the musical composition entitled "XOXO." (Ex. A, § III.C.) No copyright registration was identified in or annexed to the Amended Complaint despite Defendants expressly noting the absence of this statutory requirement in their original Motion to Dismiss. The publicly-available copyright registration filed by Plaintiff claims ownership of only the lyrics to Plaintiff's Song, and expressly excludes the music to Plaintiff's Song. (Ex. D.)

Plaintiff claims Defendants had access to Plaintiff's Song because he "sent [a] digital copy of [his] original work XOXO to Beyonce Knowles Carter background singer Crissy Collins." (Ex. A, § III.C.) Plaintiff does not allege that Ms. Collins shared Plaintiff's Song with Carter, Parkwood, or anyone else, or that Carter or any other writer of Defendants' Song otherwise obtained a copy of Plaintiff's Song. Nor does Plaintiff even allege that Ms. Collins worked for Carter or Parkwood during the relevant period.[3]

### B.    The Defendants

Carter is an enormously successful entertainer, songwriter, recording artist, actress and music producer, winning 17 Grammy Awards and selling over 118 million albums as a solo artist and a further 60 million albums with the recording group Destiny's Child, making her one of the best-selling artists of all time. The Amended Complaint does not identify when or how Defendants' Song was released to the public, nor does he ever mention Defendant Parkwood in

---

[3] Solely for purposes of this motion, given the abject lack of substantial similarity between the songs at issue, Defendants are considering the "facts" plead by Plaintiff regarding access as "true" (although, as noted above, such allegations do not even allege that any of the Defendants had access to Plaintiff's Song prior to the creation of Defendants' Song). Should Plaintiff's Amended Complaint survive Defendants' Motion, Defendants intend to vigorously dispute access in discovery.

the "Facts" section of the Amended Complaint. However, as Plaintiff alleged in the Initial

Complaint, Carter's recording of Defendants' Song was released on December 16, 2013 on her

eponymous album, "Beyoncé" (the "Album"), through Parkwood and Columbia Records. (Ex. B,

§ III.C.) The Album was released digitally to the iTunes Store without prior announcement or

promotion and debuted at number one on the U.S. *Billboard* 200 chart, earning Carter her fifth

consecutive number-one album in the country.

### C.    <u>Plaintiff Brings Suit for Infringement</u>

On August 20, 2014, Plaintiff instituted this action *pro se*. The entire seven-sentence

"Facts" section of that complaint (the "Initial Complaint") is set forth below:

> I believe my copywritered [sic] musical work has been infringed upon. On
> December 16th 2013 Beyonce Knowles Carter released a self-titled album with
> work and images that copied my original works. She release [sic] a song titled
> "XO" which copies my song and artwork 'XOXO,' via Parkwood
> Entertainment/Columbia Records. I have worked with her background singer
> 'Crissy Collins' as a background singer for another artist. I sent her the material I
> wrote after releasing it. 'The Dream' Terius Nash sings a melody I sing in XOXO.
> Millions of people have witnessed her release in the form of fans, media, and the
> general public.

(Ex. B, § III.C.) He demanded at least $3 million in damages in the Initial Complaint.

In an effort to better understand Plaintiff's claims given these vague allegations, between

February and April 2015, counsel for Defendants contacted Plaintiff and asked him to describe

the similarities that he believed existed between Plaintiff's Song and Defendants' Song. (*See*

Farkas Decl. ¶¶ 8-10.) After several telephone calls and email exchanges, it appeared that

Plaintiff's claims (at least at that time) boiled down to the following similarities:

1.    At 0:06, Defendants' Song allegedly copies the first four bars of an eight-bar

melody that is looped throughout Plaintiff's Song.

2.    At 2:54, Defendants' Song allegedly contains a four-note sequence that is similar

to the four-note sequence heard at 3:54 of Plaintiff's Song.

3.    The title of Defendants' Song ("XO") is similar to the title of Plaintiff's Song ("XOXO").

4.    Defendants' Album featuring "XO" contains images that are similar to artwork for Plaintiff's Song.

(Farkas Decl. ¶¶ 9-10.)

Based on this information, on April 17, 2015, Defendants filed their Motion to Dismiss Plaintiff's Complaint under Rules 8(a) and 12(b) of the Federal Rules of Civil Procedure. On April 20, 2015, the Court issued an Order giving Plaintiff 28 days to amend his Initial Complaint but emphasized that this would be his only opportunity to do so. On May 15, 2015, Plaintiff filed his Amended Complaint. However, rather than use the Defendants' Motion to Dismiss as a guidepost and expand on the sparse allegations in the Initial Complaint and cure any pleading deficiencies, Plaintiff opted to take this one-time opportunity to abandon his prior allegations and reduce his pleadings to two sentences. Indeed, the entire "Facts" section of the Amended Complaint is set forth below:

> Approximate after June 20th, 2013, I Ahmad Javon Lane, sent digital copy of my original work XOXO to Beyoncé Knowles Carter background singer Crissy Collins. Beyoncé Knowles Carter and Crissy Collins, Terrius [sic] Nash, Ryan Tedder, created an infringing work entitled XO.

(Ex. A, § III.C.) Based on these two sentences, Plaintiff has asserted claims for copyright infringement under Section 102 of the U.S. Copyright Act, as well as unidentified claims under the Digital Millennium Copyright Act ("DMCA") and 17 U.S.C. § 506, seeking $7.1 million in damages.[4]

Even with the benefit of Defendants' original Motion to Dismiss, Plaintiff has made no effort to cure the fundamental pleading deficiencies – nor could he, as no infringement claim can

---

[4] Plaintiff appears to have dropped any claim based on allegedly infringing artwork.

be asserted regarding the two songs at issue as a matter of law.  Yet, rather than acknowledge the arguments and precedent cited in Defendants' original Motion to Dismiss, Plaintiff elected to make it <u>less</u> clear which aspects of Plaintiff's Song he believes were copied by Defendants. Plaintiff vaguely refers to XO as an "infringing work" but does not offer a single allegation that even suggests how Defendants' Song copies XOXO.  Further, Plaintiff no longer even alleges that he has a copyright in XOXO.

As is clear from the Amended Complaint, even with the benefit of repleading, Plaintiff still cannot state a claim for copyright infringement as a matter of law.  Indeed, no amount of discovery or repleading can change the lyrics and music of these two songs, which have no protectable similarities.  Thus, the Court can compare the works on this motion and determine now that Plaintiff's Amended Complaint should be dismissed as a matter of law.

## ARGUMENT

## I.    STANDARD OF REVIEW

The Supreme Court has explained that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain a "showing" that a plaintiff is entitled to relief, and that this substantive threshold is not achieved by "blanket assertion[s]."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).  A motion to dismiss under Rule 12(b)(6) is meant to test the sufficiency and plausibility of plaintiffs' allegations.  *Id.* 550 U.S. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

In order to survive a motion to dismiss, a plaintiff must do more than solely recite the elements for a violation – he or she must plead facts with sufficient particularity so that his or her right to relief is more than mere conjecture.  *See Iqbal*, 556 U.S. at 677-78; *Twombly*, 550 U.S. at 561-62.  While factual allegations in a complaint are generally taken as true on a motion to

dismiss, "'conclusions of law or unwarranted deductions of fact are not admitted.'" *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 175 (2d Cir. 2005) (quoting *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994)); *La Pietra v. RREEF Am., L.L.C.*, 738 F. Supp. 2d 432, 436 (S.D.N.Y. 2010) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions") (citations & quotations omitted). Dismissal is warranted where the complaint fails to allege enough facts to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570.[5]

When deciding a motion to dismiss under Rule 12(b)(6), the Court may consider the pleadings, as well as materials incorporated into the complaint by reference, materials that the plaintiff relied on in bringing suit, materials integral to the complaint, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991); *see also Bay Harbour Mgmt. LLC v. Carothers*, 282 F. App'x 71, 76 (2d Cir. 2008) (affirming consideration of the contents of documents referenced in the amended complaint on a motion to dismiss);

---

[5] Even where a plaintiff is appearing *pro se*, he must still allege facts sufficient to state a legal claim to survive a motion to dismiss. *See Wager v. Littell*, 549 F. App'x 32, 33 (2d Cir. 2013) (affirming dismissal of *pro se* plaintiff's copyright infringement claim for failing to satisfy her pleading burden); *James v. Cent. Casting N.Y.*, No. 13 Civ. 3859(GBD)(JCF), 2014 U.S. Dist. LEXIS 102014, at *4, *13 (S.D.N.Y. July 24, 2014) ("Dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements.") (citations omitted); *Kamanou v. Exec. Sec'y. of the Comm'n of the Econ. Cmty*, No. 10 Civ. 7286 (GBD)(JLC), 2012 U.S. Dist. LEXIS 7647, at *8 (S.D.N.Y. Jan. 19, 2012) (dismissing copyright infringement claim by *pro se* plaintiff on 12(b)(6) motion to dismiss and explaining that "the fact that [plaintiff] is proceeding pro se 'does not exempt [her] from compliance with relevant rules of procedural and Substantive law'" (citations omitted)).

*Rapoport v. Asia Elecs. Holding Co.*, 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000) (considering two documents referenced in the amended complaint but not attached thereto).

In light of these principles, the Court should consider the following integral materials – which Plaintiff relied upon in bringing this action and are matters of public record – in addition to the facts alleged in the Amended Complaint: (i) a recording of Defendants' Song (Ex. C at Track 1); (ii) a recording of Plaintiff's Song (Ex. C at Track 2); and (iii) the copyright registration for Plaintiff's Song (Ex. D). *See TufAmerica, Inc. v. WB Music Corp.*, No. 13-cv-7874 (LAK), 2014 U.S. Dist. LEXIS 170008, at *11-12 (S.D.N.Y. Dec. 8, 2014); *Edwards v. Raymond*, 22 F. Supp. 3d 293, 297 (S.D.N.Y. 2014) (considering allegedly infringing lyrics and audio recordings even though they were not attached to the Complaint because "the Plaintiffs clearly relied upon those materials in bringing this suit"); *Poindexter v. EMI Record Grp., Inc.*, No. 11 Civ. 559 (LTS)(JLC), 2012 U.S. Dist. LEXIS 42174 (S.D.N.Y. Mar. 27, 2012) (comparing musical works on 12(b)(6) motion and dismissing copyright infringement claims); *Gottwald v. Jones*, No. 11 Civ. 1432 (CM)(FM), 2011 U.S. Dist. LEXIS 103414, at *7-8 (S.D.N.Y. Sept. 12, 2011) (considering allegedly infringing recordings that were not attached on motion to dismiss as they were "[t]he very crux of the allegations . . ."); *Pyatt v. Raymond*, No. 10 Civ. 8764 (CM), 2011 U.S. Dist. LEXIS 55754, at *14 (S.D.N.Y. May 19, 2011) (comparing musical works that were not attached to complaint on 12(b)(6) motion because "they were clearly relied on by Plaintiffs" in commencing the lawsuit), *aff'd*, 462 F. App'x 22 (2d Cir. 2012); *Canal+ Image UK, Ltd. v. Lutvak*, 773 F. Supp. 2d 419, 427 (S.D.N.Y. 2011) (considering allegedly infringing movie and musical that were not attached to or described in the complaint as they were "integral" to the claim); *Buckman v. Citicorp*, No. 95 Civ. 0773, 1996 U.S. Dist. LEXIS 891, at *9 (S.D.N.Y. Jan. 29, 1996), *aff'd*, No. 96-7236, 1996 U.S. App. LEXIS 20881

(2d Cir. Aug. 14, 1996) (same); *see also* Fed. R. Evid. 201(c) (discretionary judicial notice); Fed. R. Evid. 902(6).

If, after reviewing this material, the Court finds that no protectable elements have been copied, it may dismiss Plaintiff's copyright infringement claim on a Rule 12(b)(6) motion, as courts have routinely done in infringement actions. *See, e.g., Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (affirming dismissal of plaintiff's copyright infringement claim and explaining that "it is entirely appropriate for the district court to consider the similarity between [contested] works in connection with a motion to dismiss, because the court has before it all that is necessary in order to make such an evaluation"); *Klauber Bros. v. Bon-Ton Stores, Inc.*, 557 F. App'x 77, 80 (2d Cir. 2014) ("While substantial similarity is often a question of fact reserved for the trier of fact, 'it is entirely appropriate for a district court to resolve that question as a matter of law' if 'no reasonable jury, properly instructed, could find that the two works are substantially similar.'" (citation omitted)); *WB Music Corp.*, 2014 U.S. Dist. LEXIS 170008, at *18-20; *TufAmerica, Inc. v. Diamond*, 968 F. Supp. 2d 588, 595 (S.D.N.Y. 2013) (holding that courts in this district "regularly consider audio files" on a motion to dismiss to determine whether they are "substantially similar as a matter of law"); *Pyatt*, 2011 U.S. Dist. LEXIS 55754, at *13-27 (dismissing copyright infringement claim on 12(b)(6) motion after comparing lyrics and sound recordings at issue – even though not attached to complaint – because no substantial similarity existed between defendant's song and any protectable element of plaintiff's song); *Bell v. Blaze Magazine*, No. 99 Civ. 12342 (RCC), 2001 U.S. Dist. LEXIS 2783, at *9 (S.D.N.Y. Mar. 15, 2001) ("If a court determines that no reasonable jury could find that the works are substantially similar, or if it concludes that the similarities pertain only to

unprotected elements of the work, it is appropriate for the court to dismiss the action because, as a matter of law, there is no copyright infringement"; motion to dismiss granted).

## II.   **PLAINTIFF FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT**

A plaintiff asserting a copyright infringement claim must show "(i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003). To establish unauthorized copying, "a plaintiff must show both that his work was 'actually copied' and that the portion copied amounts to an 'improper or unlawful appropriation.'" *Id.* (citation omitted). Actual copying may be established with proof that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the works. *Pyatt*, 2011 U.S. Dist. LEXIS 55754, at *10. The plaintiff is required to show that the alleged copying amounts to an unlawful appropriation by demonstrating that substantial similarities relate to **protectable material**. *Id.* at *10-11.

Here, Plaintiff's Amended Complaint woefully fails to meet the pleading requirements of Rule 8, Rule 12, and the Supreme Court's holding in *Twombly* (*see* 550 U.S. at 570). He has not even recited the elements of whatever violations of whatever statutes he believes have been violated, much less pled facts with sufficient particularity so that his right to relief is more than mere conjecture. *See Iqbal*, 556 U.S. at 677-78; *Twombly*, 550 U.S. at 561-62. He has now had two opportunities to plead a claim and, faced with Defendants' prior Motion to Dismiss and the Court's Order giving him one last chance to do so, has failed to articulate any claim whatsoever.

Even if one were to engage in an overly-generous consideration of Plaintiff's Initial and Amended Complaints and the intervening communications between the parties, as demonstrated herein and in Defendants' prior Motion, no possible claim can be articulated based on the two songs at issue and Plaintiff's claims should be dismissed with prejudice.

**A.      The Alleged Similarities Between The Musical Works Are
Unoriginal As To Plaintiff And Unprotectable As A Matter Of Law**

Mere allegations of copying alone are insufficient to state a claim because not all copying

amounts to copyright infringement. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340,

361 (1991). A copyright claim requires the "copying of constituent elements of the work that are

original" and where the allegedly infringed material is not original to the plaintiff or otherwise

protectable, no claim for infringement can lie. *Id.* at 361 (citation omitted). Indeed, when the

similarities alleged consist of unprotected elements, such as concepts or commonplace unoriginal

expression, no claim of infringement has been alleged. *Gottlieb Dev. LLC v. Paramount
Pictures Corp.*, 590 F. Supp. 2d 625, 631 (S.D.N.Y. 2008).

**1.      The Title Of Plaintiff's Song Is Not Copyrightable**

While no longer alleged in the Amended Complaint, to the extent Plaintiff's copyright

infringement claim is premised on the (different) titles of the two songs – "XO" and "XOXO" –

such claim fails as a matter of law because it is well-settled that titles are not copyrightable. *Bell*,

2001 U.S. Dist. LEXIS 2783, at *6 ("Words and short phrases, such as titles or slogans, are

insufficient to warrant copyright protection, as they do not exhibit the minimal creativity

required for such protection.") (citing *Arica Inst., Inc. v. Palmer*, 970 F.2d 1067, 1072 (2d Cir.

1992)); *Edwards*, 22 F. Supp. 3d at 299 (granting motion to dismiss where plaintiff claimed

infringement based on two songs sharing the same title, "Caught Up"); *Chapman v. Universal
Motown Records Grp.*, No. 08 Civ. 3255(LAP), 2010 U.S. Dist. LEXIS 11015, at *11-12

(S.D.N.Y. Feb. 3, 2010) (rejecting copyright infringement claim based on both songs sharing the

title and lyrics "Lean Back"); *see also Dobson v. NBA Props., Inc.*, No. 98 Civ. 7696, 1999 U.S.

Dist. LEXIS 1834, at *5 (S.D.N.Y. Feb. 19, 1999) ("The law is clear, however, that words and

short phrases, such as names, titles, and slogans are not subject to copyright") (citations and

quotations omitted); *Currin v. Arista Records, Inc.*, 724 F. Supp. 2d 286, 293 (D. Conn. 2010) (holding that the title of the song, "frontin," is a "non-protectible element of the plaintiffs' song"), *aff'd sub nom.*, *Currin v. Williams*, 428 F. App'x 21 (2d Cir. 2011); 37 C.F.R. § 202.1(a).

Nor is there anything novel or otherwise copyrightable about the letters "XO." A search of the U.S. Copyright Office's publicly-available online records reveals 170 other works with "XOXO" in the title. (Farkas Decl., ¶ 6; Ex. E.) Any attempt to claim ownership of this unprotectable title fails.

### 2. The Letters "XO" Are Not Protectable

Nor can Plaintiff base any copyright infringement claim on the use of the letters (or, at best, the phrase) "XO" in the lyrics of Defendants' Song. It is well settled that letters, words and short phrases are simply not original protectable expression and cannot form the basis of an infringement claim. 37 C.F.R. § 202.1(a) ("[w]ords and short phrases such as names, titles, and slogans" are material not subject to copyright); *see also Arica Inst., Inc.*, 970 F.2d at 1067 (single words or short phrases are not copyrightable and are insufficient to establish infringement); *Maxwood Music Ltd. v. Malakian*, 713 F. Supp. 2d 327, 345 (S.D.N.Y. 2010) ("Neither 'computer nation' nor 'communist nation' is an independently copyrightable phrase"); *Boyle v. Stephens, Inc.*, No. 97 Civ. 1351(SAS), 1997 U.S. Dist. LEXIS 12780, at *13 (S.D.N.Y. Aug. 25, 1997) ("plaintiff cannot rest his claims on the mere duplication of individual words and short phrases . . . as such commonly-used terms cannot in themselves exhibit the minimal originality required for copyright protection"), *aff'd*, 21 F. App'x 76 (2d Cir. 2001); *Bell*, 2001 U.S. Dist. LEXIS 2783, at *6. *Accord Peters v. West*, 692 F.3d 629, 635 (7th Cir. 2012).

Plaintiff cannot enjoy a monopoly over the letters "X" and "O" or the phrase "XO" as a matter of well-settled copyright jurisprudence. *See Boone v. Jackson*, 206 F. App'x 30, 33 (2d

Cir. 2006) (finding that the common phrase "holla back" is not protectable); *Acuff-Rose Music v. Jostens, Inc.*, 155 F.3d 140, 144 (2d Cir. 1998) (finding the phrase, "YOU'VE GOT TO STAND FOR SOMETHING, OR YOU'LL FALL FOR ANYTHING" too common to accord copyright protection); *Chapman*, 2010 U.S. Dist. LEXIS 11015, at *11-12; *Gottwald*, 2011 U.S. Dist. LEXIS 103414, at *16 (holding that "drop top" is a colloquial phrase and, as such, "is not subject to copyright protection"); *Pyatt*, 2011 U.S. Dist. LEXIS 55754, at *22-23 (holding that the phrase "caught up" was not subject to copyright protection); *Oldham v. Universal Music Grp.*, No. 09 Civ. 7385 (LMM), 2010 U.S. Dist. LEXIS 126697, at *9 (S.D.N.Y. Nov. 29, 2010) (granting defendant's Rule 12(c) motion, and dismissing plaintiffs' copyright infringement claim based, *inter alia*, on the use of the word "why"); *Staggs v. West*, Civ. No. PJM 08-728, 2009 U.S. Dist. LEXIS 72275, at *8-9 (D. Md. Aug. 14, 2009) (claims based on allegedly similar words and short phrases, such as "good life," dismissed as not copyrightable).

Accordingly, Plaintiff cannot state a claim based on the use of the unprotectable letters "X" and "O."

### 3.    There Are No Protectable Melodic Similarities Between The Works At Issue

The Amended Complaint does not contain a single allegation suggesting any melodic similarities between the songs.  However, to the extent the Court incorporates Plaintiff's allegations from the Initial Complaint and/or Plaintiff's statements from its earlier discussions with Defendants' counsel, Plaintiff still has not asserted a claim for infringement.

In the Initial Complaint, Plaintiff made a vague and bare allegation that in Defendants' Song, "'The Dream' Terius Nash sings a melody [Plaintiff] sing[s] in XOXO." (Ex. B, § III.C.) After asking Plaintiff to identify the alleged similarities, it appears that Plaintiff believes that the works contain two musical similarities: (1) The introduction of Defendants' Song (beginning at

0:06) allegedly copies four bars of "an eight-bar melody" that is looped throughout Plaintiff's Song; and (2) There is a four-note sequence at 3:54 of Plaintiff's Song that is allegedly similar to the four-note sequence heard at 2:54 of Defendants' Song. (Farkas Decl. ¶ 10.) Neither of these alleged similarities is even detectable, let alone protectable as a matter of law.

First, while Plaintiff alleges that the introduction of Defendants' Song uses four bars of an eight-bar melody that is looped throughout Plaintiff's Song, there is nothing in Defendants' Song – introduction or otherwise – that even remotely sounds like a four-bar melody found in Plaintiff's Song. If the alleged musical similarity is not even perceptible, it certainly cannot form the basis of an allegation of infringement against Defendants. *See WB Music Corp.,* 2014 U.S. Dist. LEXIS 170008, at \*18-20; *Pyatt,* 2011 U.S. Dist. LEXIS 55754, at \*11.

With respect to Plaintiff's second alleged musical similarity, the four-note sequence at issue is nothing more than, at best, simply four consecutive notes descending down a scale (*i.e,* such as D-C-B-A), which is a basic musical building block and not protectable as a matter of law. *See, e.g., Currin,* 724 F. Supp. 2d at 291 ("Thus, for example, courts have held that certain commonly-used elements such as a descending scale step motive . . . are not, in themselves, protectible."); *Intersong-USA v. CBS, Inc.,* 757 F. Supp. 274, 282 (S.D.N.Y. 1991) (holding that "descending scale step motive" is a "commonly used compositional device" that is not protectable). Thus, to the extent this sequence can even be detected in Defendants' Song, it is not original enough to warrant copyright protection.[6]

Indeed, simply listening to Plaintiff's Song and Defendants' Song reveals that they do not share any melodic content and there is no meaningful similarity in pitch series, rhythm or

---

[6] If Plaintiff's claim survives this motion, Defendants will demonstrate that this "similarity" does not actually exist, as there are differences in pitches, rhythm and development of even these miniscule parts of the songs at issue. However, even taking Plaintiff's abandoned "allegation" as true, this alleged similarity is simply not protectable expression.

rhythmic patterns, melodic development or structure.   As elaborated *infra*, it is respectfully submitted that the Court will hear for itself that these are entirely different songs and no reasonable person could detect, much less conclude, that any of the melodic content of Defendants' Song is similar to Plaintiff's Song, much less substantially similar.   No amount of discovery will change this, and, to the extent that any infringement claim can be gleaned from the Amended Complaint, such a claim fails as a matter of law.

### B.   No "Substantial Similarity" Exists Between Plaintiff's Song And Defendants' Song

Even assuming, *arguendo*, that Plaintiff had alleged even a modicum of similarity of *protectable expression* between the two songs (which he has not) and the Court were to examine the works as a whole, this Court can determine on this motion that no substantial similarity exists between Plaintiff's Song and Defendants' Song as a matter of law.   In determining whether two songs are substantially similar, the Court considers "whether an 'ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same.'"   *Pyatt*, 2011 U.S. Dist. LEXIS 55754, at *11 (citations omitted).

"In the context of music plagiarism, the Second Circuit has described this ordinary observer test as requiring proof that 'defendant took from plaintiff's works so much of what is pleasing to the ears of lay listeners, who comprise the audience for whom such . . . music is composed, that defendant wrongfully appropriated something which belongs to the plaintiff.'" *Id.* at *11-12 (citations omitted).   Courts are guided by a comparison of the "total concept and overall feel" of the two songs "as instructed by [its] good eyes and common sense . . . ." *Edwards*, 22 F. Supp. 3d at 300-01 (quoting *Peter F. Gaito Architecture*, 602 F.3d at 66).

Defendants have attached recordings of both songs with this Motion.   (*See* Ex. C.)   A comparison of the "total concept and overall feel" of the two songs "with good [ears] and

common sense" reveals that the "average observer would not recognize [Defendants' Song] as having been appropriated from [Plaintiff's Song]." *Pyatt*, 2011 U.S. Dist. LEXIS 55754, at *19, *27 (quoting *Peter F. Gaito Architecture*, 602 F.3d at 67).

A comparison of the songs' lyrics illustrates vast differences between the two works. Indeed, apart from the use of the letters "X" and "O" (which do not "belong" to Plaintiff), there are no other discernible similarities between the songs' lyrics. Moreover, the lyrical and musical use and development of these non-protectable letters or elements is distinctively and dramatically different in each song. In Plaintiff's Song, the letters are sung in a repetitive call and response format with different vocalists singing the "X" and the "O". (Ex. C, Track 2.) Further, in Plaintiff's Song, the "X" and "O" call and response appears in the chorus and is repeated dozens of times throughout the song. (*Id.*)

In contrast, in Defendants' Song, the "XO" lyrical phrase is not used in the song's chorus, and is only featured in a section of Defendants' Song that appears only once, and not until 2 minutes and 30 seconds into the 3:30 minute song. (Ex. C, Track 1.) These letters are sung together by a single vocalist (Ms. Knowles-Carter) as part of the lyrical sentence "I love you like XO" in this one section.

Moreover, the two songs are distinct from a thematic perspective, with the Plaintiff's Song describing the narrator's romantic and sexual feelings toward a new love interest. He sings "first I think you want me, then you don't," he speaks of being "horny," being "shut down" and loving "every inch of you." (Ex. C, Track 2.) On the other hand, the Defendants' Song expresses an uplifting celebration of love and life, emphasizing the importance of living in the present with a loved one "before our time has run out." She celebrates her love by singing, "in the darkest night hour, search through the crowd, your face is all that I see, I've given you

everything, baby love me lights out." (Ex. C, Track 1.) Simply put, the "feel" of these two songs is entirely different and cannot possibly support a finding of substantial similarity. *Edwards*, 22 F. Supp. 3d at 300-01; *Pyatt*, 2011 U.S. Dist. LEXIS 55754, at *23, *26-27.

The music of the two songs is also vastly different. Any ordinary observer can easily recognize the substantial difference in overall musical impression between the songs. Plaintiff's Song is a slow, R&B style song, starting with a lengthy instrumental introduction of 43 seconds (versus the 4 second introduction of Defendants' Song). Defendants' Song, on the other hand, is a midtempo pop power ballad. Virtually every minute of Defendants' Song is filled with vocals from Carter, while the first vocals in Plaintiff's Song are not heard until 43 seconds into the song. The melodies of each song, the production and the instrumentation used in each are also entirely different. No average observer could possible listen to Defendants' Song and conclude it was appropriated from Plaintiff's Song. *Pyatt*, 2011 U.S. Dist. LEXIS 55754, at *27.

Finally, even taking Plaintiff's allegations – as amplified in his communications with Defendants' counsel – to be true, the Court can hear for itself that these alleged "similarities", in addition to being unprotectable, are, at most, "barely perceptible" to the average listener and, thus, "sufficiently *de minimis* to render moot whatever otherwise might have been made of the alleged copying . . . ." *WB Music Corp.*, 2014 U.S. Dist. LEXIS 170008, at *18-19 (holding that no substantial similarity existed where the allegedly infringing sample "appear[ed] only faintly in the background" and was, "at best, only barely perceptible to the average listener").

The Court can hear for itself that the two songs are distinct works, and leave the listener with entirely different impressions. No average observer would recognize Defendants' Song as having been appropriated from Plaintiff's Song. Accordingly, there is no actionable similarity between protectable elements of Plaintiff's Song and Defendants' Song, and, to the extent that

Plaintiff's Amended Complaint alleges copyright infringement, such a claim should be dismissed with prejudice.

### C.   Plaintiff Has Not Pled Ownership Of A Valid Copyright In The Music Of Plaintiff's Song

Plaintiff's claim for copyright infringement of the music to Plaintiff's Song must also be dismissed because Plaintiff has not alleged that he holds a valid copyright registration for this music.  Section 411(a) of the Copyright Act makes clear that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a).  "Indeed, [t]he absence of a valid copyright registration . . . would bar a plaintiff from bringing a viable copyright infringement action."  *John Wiley & Sons, Inc. v. DRK Photo*, 998 F. Supp. 2d 262, 282-83 (S.D.N.Y. 2014) (quotation marks & citation omitted).[7]

Despite having the benefit of Defendants' Motion to Dismiss, in the Amended Complaint, Plaintiff has removed all previous references to his ownership of a copyright in any aspect of Plaintiff's Song – music or lyrics.  Indeed the word copyright does not appear anywhere in the "Statement of Claim" section of the Amended Complaint.  However, even if the Court were to consider the copyright registration for Plaintiff's Song, it is clear that Plaintiff only holds, at best, a copyright to the **lyrics** of the song – not the music thereof.  (*See* Ex. D.)  Indeed, in the registration for "XOXO," Plaintiff expressly concedes that the "music" is "[m]aterial excluded from this claim."  (*Id.*)  Accordingly, to the extent Plaintiff's claim is based on the alleged infringement of the music of "XOXO," Plaintiff does not own a valid copyright in this material, and his claim must be dismissed.  *See Kamanou*, 2012 U.S. Dist. LEXIS 7647, at *16-18 (dismissing copyright

---

[7] Although the Supreme Court's recent decision in *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010), indicates that the registration requirement is not jurisdictional, registration still remains a statutory prerequisite to filing suit.  17 U.S.C. § 411(a).

infringement claim against *pro se* plaintiff where plaintiff did not have a registered copyright in the work at issue).

**D.    Plaintiff Has Not Stated A Claim Under The Digital
Millennium Copyright Act or Section 506 of the Copyright Act**

Finally, to the extent the Court were to consider Plaintiff's fleeting references to the DMCA or § 506 of the Copyright Act, such "claims" must be dismissed.  In the "Basis for Jurisdiction" section of his Amended Complaint, Plaintiff states that "violation of the digital millennium copyright act (dmca).  section 102 copyright infringing 17 U.S.C. § 506" are the "federal Constitutional, statutory or treaty right[s]" at issue in the Amended Complaint.  (Ex. A, § II.B.)  These vague references to entire pieces of legislation – without a single allegation or hint to suggest what possible violation might be at issue – do not come close to meeting Plaintiff's pleading burden under Rule 8(a)(2) and, in any event, no such "claims" can be maintained here.

The DMCA is divided into five titles:

- Title I, the "WIPO Copyright and Performances and Phonograms Treaties Implementation Act of 1998," implements two World Intellectual Property Organization ("WIPO") treaties;

- Title II, the "Online Copyright Infringement Liability Limitation Act," creates limitations on the liability of online service providers for copyright infringement when engaging in certain types of activities;

- Title III, the "Computer Maintenance Competition Assurance Act," creates an exemption for making a copy of a computer program by activating a computer for purposes of maintenance or repair;

- Title IV contains six miscellaneous provisions, relating to the functions of the Copyright Office, distance education, the exceptions in the Copyright Act for libraries and for making ephemeral recordings, "webcasting" of sound recordings on the Internet, and the applicability of collective bargaining agreement obligations in the case of transfers of rights in motion pictures; and

- Title V, the "Vessel Hull Design Protection Act," creates a new form of protection for the design of vessel hulls.

The Digital Millennium Copyright Act of 1998, U.S. Copyright Office Summary, Dec. 1998, at 1. Section 506 sets forth various criminal offenses that are actionable under the Copyright Act, including, *inter alia*, willful infringement for profit, fraudulent copyright notice, fraudulent removal of copyright notice, and false representation in connection with a copyright application. Plaintiff makes no effort to identify which provision of the DMCA or which subsection of § 506 he believes Defendants may have violated. This is not surprising considering there is nothing in either piece of legislation that even remotely provides Plaintiff with an articulable claim against either Defendant.

Further, Plaintiff does not even have standing to assert a claim under § 506, as "Courts in this district and elsewhere have definitively concluded ... 'that Congress intended that section 506 serve as a criminal statute and not give rise to private actions.'" *Esbin & Alter, LLP v. Zappier*, No. 08 Civ. 313, 2011 U.S. Dist. LEXIS 27881, at *5-6 (S.D.N.Y. Mar. 17, 2011) (quoting *Donald Frederick Evans & Assocs., Inc. v. Continental Homes, Inc.*, 785 F.2d 897, 913 (11th Cir. 1986)); *see also Eden Toys, Inc. v. Florelee Undergarment Co.*, 697 F.2d 27, 37 n.10 (2d Cir. 1982) (with respect to request for relief under 17 U.S.C. § 506(c), finding that 17 U.S.C. § 506 "is a criminal provision that does not appear to provide a private right of action"), *superseded on other grounds by* Fed. R. Civ. P. 52(a); *Barnhart v. Federated Dep't Stores, Inc.*, No. 04 Civ. 3668 (JGK), 2005 U.S. Dist. LEXIS 3631, at *27-28 (S.D.N.Y. Mar. 5, 2005) (holding that there is no private right of action under 17 U.S.C. § 506(e)"); *Too, Inc. v. Kohl's Dep't Stores, Inc.*, 210 F. Supp. 2d 402, 405 (S.D.N.Y. 2002) ("Under § 506(e), the crime of knowingly making a false representation of a material fact in the application for copyright registration...or in any written statement filed in connection with the application has no corollary private right of action.").

Accordingly, any claims that Plaintiff is attempting to assert under "the DMCA" or 17 U.S.C. § 506 must be dismissed as a matter of law.

## CONCLUSION

Plaintiff has been given multiple opportunities to plead any cognizable claim against Defendants based on Defendants' Song. Once again, even with the benefit of Defendants' detailed Motion to Dismiss and the authorities cited therein, he has failed to do so. Pursuant to Court's April 20, 2015 Order and for the reasons stated herein, it is respectfully submitted that Defendants' Motion should be granted and Plaintiff's Amended Complaint should be dismissed in its entirely with prejudice.

Dated: New York, New York
June 4, 2015

**PRYOR CASHMAN LLP**

By: ___ */s Ilene S. Farkas*
      Brad D. Rose (BR-2740)
      brose@pryorcashman.com
      Ilene S. Farkas (IF-3212)
      ifarkas@pryorcashman.com
      Rebecca M. Siegel (RS-1137)
      rsiegel@pryorcashman.com
7 Times Square
New York, New York 10036
Tel: (212) 421-4100

*Attorneys for Defendants Beyoncé Giselle*
*Knowles-Carter and Parkwood*
*Entertainment, LLC*

21