PRYOR CASHMAN LLP
Brad D. Rose (BR-2740)
brose@pryorcashman.com
Ilene S. Farkas (IF-3212)
ifarkas@pryorcashman.com
Rebecca M. Siegel (RS-1137)
rsiegel@pryorcashman.com
7 Times Square
New York, New York 10036
Tel: (212) 421-4100
Fax: (212) 798-6382

*Attorneys for Defendants Beyoncé Giselle
Knowles-Carter and Parkwood Entertainment, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHMAD JAVON LANE, an individual, | Civil Action No. 1:14-CV-06798-PAE |
| Plaintiff, | |
| -against- | |
| BEYONCÉ KNOWLES CARTER; PARKWOOD ENTERTAINMENT; and COLUMBIA RECORDS, | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................1

STATEMENT OF FACTS ..........................................................................................................2

      A.    The Plaintiff ..................................................................................................2

      B.    The Defendants ............................................................................................3

      C.    Plaintiff Brings Suit For Infringement ......................................................3

ARGUMENT ..............................................................................................................................6

  I.    STANDARD OF REVIEW ......................................................................................6

  II.    PLAINTIFF FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT ........9

      A.    Plaintiff Has Failed To Allege Any Protectable Similarities
           Between The Works At Issue .......................................................................9

      B.    No "Substantial Similarity" Exists
           Between Plaintiff's Song And Defendants' Song......................................11

      C.    Plaintiff Has Not Pled Ownership Of A Valid
           Copyright In The Music Of Plaintiff's Song ...........................................14

      D.    Plaintiff Has Not Stated A Claim For Infringement Of "Artwork"..........15

CONCLUSION..........................................................................................................................17

## **TABLE OF AUTHORITIES**

**CASES**                                                                    **PAGE(s)**

*Acuff-Rose Music v. Jostens, Inc.*,
    155 F.3d 140 (2d Cir. 1998) ...........................................................................11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................6, 10

*Bay Harbour Management LLC v. Carothers*,
    282 F. App'x 71 (2d Cir. 2008) ........................................................................7

*Bell v. Blaze Magazine*,
    No. 99 CIV 12342 (RCC), 2001 U.S. Dist. LEXIS 2783
    (S.D.N.Y. Mar. 15, 2001) ..............................................................................8, 11

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................6, 10

*Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*,
    369 F.3d 212 (2d Cir. 2004) .............................................................................7

*Boone v. Jackson*,
    206 F. App'x 30 (2d Cir. 2006) .......................................................................11

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002) .............................................................................7

*Chapman v. Universal Motown Records Group*,
    No. 08 Civ. 3255 (LAP), 2010 U.S. Dist. LEXIS 11015 (S.D.N.Y. Feb. 3, 2010) ...............11

*Cortec Industries v. Sum Holding L.P.*,
    949 F.2d 42 (2d Cir. 1991) ..............................................................................7

*Currin v. Arista Records, Inc.*,
    724 F. Supp. 2d 286 (D. Conn. 2010),
    *aff'd sub nom.*, *Currin v. Williams*, 428 F. App'x 21 (2d Cir. 2011) ......................................11

*Dobson v. NBA Properties, Inc.*,
    No. 98 Civ. 7696 (RWS), 1999 U.S. Dist. LEXIS 1834 (S.D.N.Y. Feb. 19, 1999) ...............11

*Edwards v. Raymond*,
    22 F. Supp. 3d 293 (S.D.N.Y. 2014) ........................................................11, 12, 13

*Feist Publications, Inc. v. Rural Telephone Service Co.*,
    499 U.S. 340 (1991) ......................................................................................9

*First Nationwide Bank v. Gelt Funding Corp.*,
    27 F.3d 763 (2d Cir. 1994) ..............................................................................6

## CASES                                                                   PAGE(s)

*Gottlieb Development LLC v. Paramount Pictures Corp.*,
 590 F. Supp. 2d 625 (S.D.N.Y. 2008) .......................................................................9

*Gottwald v. Jones*,
 No. 11 Civ. 1432 (CM) (FM), 2011 U.S. Dist. LEXIS 103414
 (S.D.N.Y. Sept. 12, 2011) ........................................................................................11

*James v. Central Casting N.Y.*,
 No. 13 Civ. 3859(GBD)(JCF), 2014 U.S. Dist. LEXIS 102014
 (S.D.N.Y. July 24, 2014) ............................................................................................7

*John Wiley & Sons, Inc. v. DRK Photo*,
 998 F. Supp. 2d 262 (S.D.N.Y. 2014) .............................................................14, 15

*Jorgensen v. Epic/Sony Records*,
 351 F.3d 46 (2d Cir. 2003) .......................................................................................9

*Kamanou v. Executive Secretary of the Commission of the Economic Committee*,
 No. 10 Civ. 7286 (GBD) (JLC), 2012 U.S. Dist. LEXIS 7647
 (S.D.N.Y. Jan. 19, 2012) ....................................................................................7, 15

*Klauber Bros. v. Bon-Ton Stores, Inc.*,
 557 F. App'x 77 (2d Cir. 2014) ................................................................................8

*La Pietra v. RREEF America, L.L.C.*,
 738 F. Supp. 2d 432 (S.D.N.Y. 2010) ......................................................................6

*Lentell v. Merrill Lynch & Co.*,
 396 F.3d 161 (2d Cir. 2005) .....................................................................................6

*Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, No. 09
 CV 2669 (LAP), 2012 U.S. Dist. LEXIS 42791 (S.D.N.Y. Mar. 26, 2012) ...................15-16

*Oldham v. Universal Music Group*,
 No. 09 Civ. 7385 (LMM), 2010 U.S. Dist. LEXIS 126697 (S.D.N.Y. Nov. 29, 2010) ..........11

*Peter F. Gaito Architecture, LLC v. Simone Development Corp.*,
 602 F.3d 57 (2d Cir. 2010) ...............................................................................7-8, 12

*Pyatt v. Raymond*,
 No. 10 Civ. 8764 (CM), 2011 U.S. Dist. LEXIS 55754 (S.D.N.Y. May 19, 2011),
 *aff'd*, 462 F. App'x 22 (2d Cir. 2012) ...............................................................*passim*

*Rapoport v. Asia Electronics Holding Co.*,
 88 F. Supp. 2d 179 (S.D.N.Y. 2000) .........................................................................7

*Reed Elsevier, Inc. v. Muchnick*,
 559 U.S. 154 (2010) ................................................................................................14

**CASES**                                                                                    **PAGE(s)**

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) ......................................................................................................7

*TufAmerica, Inc. v. Diamond*,
   968 F. Supp. 2d 588 (S.D.N.Y. 2013) ...........................................................................8

*TufAmerica, Inc. v. WB Music Corp.*,
   No. 13-cv-7874 (LAK), 2014 U.S. Dist. LEXIS 170008
   (S.D.N.Y. Dec. 8, 2014) ...........................................................................................8, 10

*Wager v. Littell*,
   549 F. App'x 32 (2d Cir. 2013) .....................................................................................6


**STATUTES AND REGULATIONS**

37 C.F.R. § 202.1(a) ...............................................................................................11, 16

Fed. R. Civ. P. 8(a) ...........................................................................................1, 4, 6, 9
           12(b)(6) ...................................................................................... *passim*

17 U.S.C. § 411(a) ...............................................................................................14, 15, 16

Defendants Beyoncé Giselle Knowles-Carter (incorrectly sued as Beyonce Knowles Carter) ("Carter") and Parkwood Entertainment, LLC ("Parkwood," and together with Carter, "Defendants")[1], respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff Ahmad Javon Lane's ("Plaintiff" or "Lane") Second Amended Complaint (the "SAC")[2] pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6) ("Defendants' Motion").

## PRELIMINARY STATEMENT

Plaintiff's third (and final) attempt at pleading his copyright infringement claim fares no better than the first two. After being given every opportunity to rectify the litany of fundamental infirmities detailed and briefed in *two prior* Motions to Dismiss, one thing remains clear: Plaintiff has not – and cannot – state a copyright infringement claim against Defendants because there is nothing remotely (much less actionably) similar between the two songs at issue, "XO" ("Defendants' Song") and "XOXO" ("Plaintiff's Song"). In fact, no such claim can be stated, irrespective of how many chances Plaintiff obtains to amend his complaint.

Plaintiff's entire claim appears to rest upon two vague and conclusory allegations: (1) that "the Defendant infringed on [Plaintiff's] original work by using a sequence 4 bar introduction that was sampled at the beginning of her song," and (2) that the attached "Artwork/Photos" provide "visual proof" of infringement. Not only do such naked assertions fall woefully short of Plaintiff's pleading burden under Rule 8(a), and not only does Plaintiff fail to plead (or, it seems, possess) the requisite copyright registrations to even bring such claims but, more dispositively, even if the Court were to evaluate Plaintiff's "claims," the Court can hear

---

[1] In the SAC, Plaintiff has dropped his claims against Sony Music Entertainment (incorrectly sued in the Original Complaint as "Columbia Records"). However, to the extent Sony is still considered to be a Defendant, it joins in Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint.

[2] A true and correct copy of the Second Amended Complaint is annexed as Exhibit A to the Declaration of Ilene S. Farkas, dated August 21, 2015 (the "Farkas Decl.").

(and see) for itself that, as a matter of law, no protectable expression has been, nor can be, identified by Plaintiff.  Indeed, the two works at issue are entirely different songs that share no lyrical or musical similarity, other than perhaps the letters "X" and "O."  Defendants respectfully submit that, after applying the ordinary observer/listener test (which this Court can do on Defendants' instant 12(b)(6) motion as a matter of well-established precedent), it is obvious that no actionable copying has occurred here.

Defendants have *twice* provided Plaintiff with ample notice of the dispositive, on-point authorities from this district that prove that he cannot state a claim for infringement and yet Plaintiff continues to burden this Court and the Defendants with yet another conclusory and baseless complaint for "infringement."  Having been given every opportunity to state a claim for infringement, Plaintiff still has not cured the fundamental deficiencies from his Original Complaint – nor could he, as no amount of pleading will change the two songs at issue, the Court's ability to compare them, and the Court's ability to determine as a matter of law that there are simply no protectable similarities between Plaintiff's Song and Defendants' Song that could sustain a copyright infringement claim against Defendants as a matter of law.  Accordingly, Defendants' Motion should be granted in its entirety and the SAC dismissed.  Given the Court's April 20, 2015 and August 7, 2015 Orders, and given that any amendment would be futile, such dismissal should be with prejudice.

## STATEMENT OF FACTS

### A.    The Plaintiff

Plaintiff claims to be owner of the musical composition entitled "XOXO."  (SAC ¶¶ 5, 7.) However, the only copyright registration for this work that identifies Plaintiff covers only the lyrics to Plaintiff's Song, and expressly excludes any claim of ownership to the song's music. (SAC, Ex. 3.)

Plaintiff claims Defendants had access to Plaintiff's Song because he "sent [a] digital copy of his original work that is titled X.O.X.O. to a background singer, Defendant Crissy Collins, for Defendant Beyonce Knowles." (SAC ¶ 5.)  Plaintiff does not allege that Ms. Collins shared Plaintiff's Song with Carter, Parkwood, or anyone else, or explain how Carter or any other writer of Defendants' Song otherwise supposedly obtained a "digital copy" of Plaintiff's Song.  Nor does Plaintiff even allege that Ms. Collins worked for Carter or Parkwood during the relevant period.[3]

**B.     The Defendants**

Carter is an enormously successful entertainer, songwriter, recording artist, actress and music producer, winning 17 Grammy Awards and selling over 118 million albums as a solo artist and a further 60 million albums with the recording group Destiny's Child, making her one of the best-selling artists of all time.  The SAC does not identify when or how Defendants' Song was released to the public, nor does it even mention Defendant Parkwood, expect to provide its address.   However, as Plaintiff alleged in the Original Complaint, Carter's recording of Defendants' Song was released on December 16, 2013 on her eponymous album, "Beyoncé" (the "Album"), through Parkwood and Columbia Records.  The Album was released digitally to the iTunes Store without prior announcement or promotion and debuted at number one on the U.S. *Billboard* 200 chart, earning Carter her fifth consecutive number-one album in the country.

**C.     Plaintiff Brings Suit For Infringement**

Plaintiff has had at least four opportunities to state a claim for copyright infringement based on Defendants' Song.

---

[3] Solely for purposes of this motion, given the abject lack of substantial similarity between the songs at issue, Defendants are considering the "facts" pled by Plaintiff regarding access as "true" (although, as noted above, such allegations do not even allege that any of the Defendants had access to Plaintiff's Song prior to the creation of Defendants' Song).  Should Plaintiff's SAC survive Defendants' Motion, Defendants intend to vigorously dispute access in discovery.

*First*, on August 20, 2014, Plaintiff filed his Original Complaint for copyright infringement which was seven sentences long, failed to identify any similarities between the two works, and demanded "at least $3 million" in damages (the "Original Complaint"). On April 17, 2015, Defendants filed their Motion to Dismiss Plaintiff's Complaint under Rules 8(a) and 12(b) of the Federal Rules of Civil Procedure (the "Original Motion to Dismiss").

*Second*, on April 20, 2015 – three days after Defendants filed their Original Motion to Dismiss – the Court issued an Order (the "April 20 Order") permitting Plaintiff one opportunity to amend the Complaint and provided that "Plaintiff will not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss." On May 15, 2015, Plaintiff filed his Amended Complaint (the "Amended Complaint"). However, rather than use the Original Motion to Dismiss as a guidepost and cure the extensive pleading deficiencies in the Original Complaint, Plaintiff elected to use this opportunity to shrink his pleadings to a mere two sentences, while increasing his damages claim to $7.1 million without elaboration. Defendants again moved to dismiss Plaintiff's Complaint (the "Second Motion to Dismiss"), providing Plaintiff with yet another detailed roadmap of all his pleading deficiencies and the baseless nature of any claim for infringement based on these two works.

*Third*, undeterred by the authorities cited in Defendants' Second Motion to Dismiss, on July 28, 2015, Plaintiff filed his Opposition Brief which ignored almost every argument and authority Defendants cited in each of their Motions to Dismiss (the "Opposition Brief") and simply directed the Court to the works themselves as "evidence" of his claim. Also on July 28, notwithstanding the Court's clear directive in its April 20 Order, Plaintiff filed a Motion for Leave to File a Second Amended Complaint ("Motion for Leave") in which he conceded the

"lack of factual detail and exhibits missing" from both his previous complaints.  (*See* Motion for Leave, at 3-4.)

*Fourth*, on July 30, 2015, Plaintiff filed his proposed Second Amended Complaint (the "SAC").  While recognizing the untimeliness of Plaintiff's Motion for Leave, on August 7, 2015, the Court issued an Order (the "August 7 Order") granting Plaintiff's Motion for Leave but also warning that "Lane should expect no further opportunities to amend his complaint."  (*See* August 7 Order, at 2.)  Yet, far from rectifying the "lack of factual detail" in the previous complaints, the SAC ignores every authority and argument set forth in Defendants' two sets of moving papers and whittles his "claim" down to a single, vague reference to a 4 bar sequence in the introduction of Defendants' Song.   (*See* SAC ¶ 6.)

Plaintiff simply incorporates the following materials into his complaint and concludes, without any type of explanation or elaboration whatsoever, that they "clearly establish that the Defendants infringed on the Plaintiff's copyright": (1) "Plaintiff's original work XOXO" (the "Plaintiff's Song"); (2) "the Defendants' work XO" (the "Defendants' Song"); (3) the "Certificate of Registration for X.O.X.O., registration number Pau 3-683-352 from the United States Copyright Office" (the "Copyright Registration"); (4) a "Production Agreement" between Lane and David Abisinito (the "Production Agreement"); and (5) "Artwork/Photos that are labeled as 'xoxo vs xo 2-489x500.jpg" (the "Artwork").  (SAC ¶¶ 9-10, Exs. 1-5.)[4]

As is clear from the SAC, Plaintiff still cannot state a claim for copyright infringement as a matter of law.  Indeed, no amount of discovery or repleading can change the lyrics or music to

---

[4] Plaintiff failed to actually attach copies of these materials to the SAC, with the exception of the Copyright Registration.  (*See* SAC, Ex. 3.)  Accordingly, Defendants have attached copies of the four missing items – *i.e.*, Plaintiff's Song, Defendants' Song, the Production Agreement, and the Artwork – to the Farkas Declaration (*see* Farkas Decl. ¶¶ 2-5 & Exs. A-D) so the Court can review them in connection with Defendants' Motion.

these two songs, or the supposed "artwork" related thereto, which have no protectable similarities, even if Plaintiff had standing to sue. Thus, the Court can compare the works on this motion and determine now that Plaintiff's SAC should be dismissed as a matter of law.

## ARGUMENT

## I.   STANDARD OF REVIEW

The Supreme Court has explained that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain a "showing" that a plaintiff is entitled to relief, and that this substantive threshold is not achieved by "blanket assertion[s]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). A motion to dismiss under Rule 12(b)(6) is meant to test the sufficiency and plausibility of plaintiffs' allegations. *Id.* 550 U.S. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

In order to survive a motion to dismiss, a plaintiff must do more than solely recite the elements for a violation – he or she must plead facts with sufficient particularity so that his or her right to relief is more than mere conjecture. *See Iqbal*, 556 U.S. at 677-78; *Twombly*, 550 U.S. at 561-62. While factual allegations in a complaint are generally taken as true on a motion to dismiss, "'conclusions of law or unwarranted deductions of fact are not admitted.'" *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 175 (2d Cir. 2005) (quoting *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994)); *La Pietra v. RREEF Am., L.L.C.*, 738 F. Supp. 2d 432, 436 (S.D.N.Y. 2010) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions") (citations & quotations omitted). Dismissal is warranted where the complaint fails to allege enough facts to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570.[5]

---

[5] Even where a plaintiff is appearing *pro se*, he must still allege facts sufficient to state a legal claim to survive a motion to dismiss. *See Wager v. Littell*, 549 F. App'x 32, 33 (2d Cir. 2013) (affirming dismissal

When deciding a motion to dismiss under Rule 12(b)(6), the Court may consider the pleadings, as well as materials incorporated into the complaint by reference, materials that the plaintiff relied on in bringing suit, materials integral to the complaint, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991); *see also Bay Harbour Mgmt. LLC v. Carothers*, 282 F. App'x 71, 76 (2d Cir. 2008) (affirming consideration of the contents of documents referenced in the amended complaint on a motion to dismiss); *Rapoport v. Asia Elecs. Holding Co.*, 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000) (considering two documents referenced in the amended complaint but not attached thereto).

Plaintiff explicitly alleges that the following materials "are attached [to the SAC] and are incorporated by reference" and that they were "used and relied on by the Plaintiff" in bringing suit: (1) Plaintiff's Song; (2) Defendants' Song; (3) the Copyright Registration; (4) the Production Agreement; and (5) the Artwork. (SAC ¶¶ 9-10.) Accordingly, the Court may consider these materials in deciding Defendants' Motion.

If, after reviewing this material, the Court finds that no protectable elements have been copied, it may dismiss Plaintiff's copyright infringement claim on a Rule 12(b)(6) motion, as courts have routinely done in infringement actions. *See, e.g.*, *Peter F. Gaito Architecture, LLC v.*

---

of *pro se* plaintiff's copyright infringement claim for failing to satisfy her pleading burden); *James v. Cent. Casting N.Y.*, No. 13 Civ. 3859(GBD)(JCF), 2014 U.S. Dist. LEXIS 102014, at *4, *13 (S.D.N.Y. July 24, 2014) ("Dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements.") (citations omitted); *Kamanou v. Exec. Sec'y. of the Comm'n of the Econ. Cmty*, No. 10 Civ. 7286 (GBD)(JLC), 2012 U.S. Dist. LEXIS 7647, at *8 (S.D.N.Y. Jan. 19, 2012) (dismissing copyright infringement claim by *pro se* plaintiff on 12(b)(6) motion to dismiss and explaining that "the fact that [plaintiff] is proceeding pro se 'does not exempt [her] from compliance with relevant rules of procedural and Substantive law'" (citations omitted)).

*Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (affirming dismissal of plaintiff's copyright infringement claim and explaining that "it is entirely appropriate for the district court to consider the similarity between [contested] works in connection with a motion to dismiss, because the court has before it all that is necessary in order to make such an evaluation"); *Klauber Bros. v. Bon-Ton Stores, Inc.*, 557 F. App'x 77, 80 (2d Cir. 2014) ("While substantial similarity is often a question of fact reserved for the trier of fact, 'it is entirely appropriate for a district court to resolve that question as a matter of law' if 'no reasonable jury, properly instructed, could find that the two works are substantially similar.'" (citation omitted)); *TufAmerica, Inc. v. WB Music Corp.*, No. 13-cv-7874 (LAK), 2014 U.S. Dist. LEXIS 170008, at *18-20 (S.D.N.Y. Dec. 8, 2014); *TufAmerica, Inc. v. Diamond*, 968 F. Supp. 2d 588, 595 (S.D.N.Y. 2013) (holding that courts in this district "regularly consider audio files" on a motion to dismiss to determine whether they are "substantially similar as a matter of law"); *Pyatt v. Raymond*, No. 10 Civ. 8764 (CM), 2011 U.S. Dist. LEXIS 55754, at *13-27 (S.D.N.Y. May 19, 2011) (dismissing copyright infringement claim on 12(b)(6) motion after comparing lyrics and sound recordings at issue because no substantial similarity existed between defendant's song and any protectable element of plaintiff's song), *aff'd*, 462 F. App'x 22 (2d Cir. 2012); *Bell v. Blaze Magazine*, No. 99 Civ. 12342 (RCC), 2001 U.S. Dist. LEXIS 2783, at *9 (S.D.N.Y. Mar. 15, 2001) ("If a court determines that no reasonable jury could find that the works are substantially similar, or if it concludes that the similarities pertain only to unprotected elements of the work, it is appropriate for the court to dismiss the action because, as a matter of law, there is no copyright infringement"; motion to dismiss granted).

## II.     PLAINTIFF FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT

A plaintiff asserting a copyright infringement claim must show "(i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003).  To establish unauthorized copying, "a plaintiff must show both that his work was 'actually copied' and that the portion copied amounts to an 'improper or unlawful appropriation.'"  *Id.* (citation omitted).   Actual copying may be established with proof that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the works.  *Pyatt*, 2011 U.S. Dist. LEXIS 55754, at *10. The plaintiff is required to show that the alleged copying amounts to an unlawful appropriation by demonstrating that substantial similarities relate to **protectable material**.  *Id.* at *10-11.

Mere allegations of copying alone are insufficient to state a claim because not all copying amounts to copyright infringement.  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  A copyright claim requires the "copying of constituent elements of the work that are original" and where the allegedly infringed material is not original to the plaintiff or otherwise protectable, no claim for infringement can lie.  *Id.* at 361 (citation omitted).  Indeed, when the similarities alleged consist of unprotected elements, such as concepts or commonplace unoriginal expression, no claim of infringement has been alleged.  *Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 631 (S.D.N.Y. 2008).

### A.     Plaintiff Has Failed To Allege Any Protectable Similarities Between The Works At Issue

In the SAC, the only remaining musical similarity that Plaintiff even alleges to exist between the two works (with the benefit of two prior Motions to Dismiss) is that "the Defendant infringed on [Plaintiff's] original work by using a sequence 4 bar introduction that was sampled

at the beginning of her song. . . ."  (SAC ¶ 6.)  This similarity is not even detectable, let alone protectable as a matter of law.

First, the SAC does not identify the notes, rhythm or lyrics contained in this four-bar sequence, or otherwise provide any other explanation as to where or how this four-bar sequence can be heard in either song.  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," which is all that Plaintiff has alleged here.  *Ashcroft v. Iqbal*, 555 U.S. 662, 678 (2009).  As the Supreme Court has made clear, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice.  *Iqbal*, 555 U.S. at 678 (quoting *Twombly*, 550 U.S. 544, 557 (2007)).

However, even if Plaintiff had sufficiently alleged the existence of a similarity between the two songs, the Court can hear for itself that there is nothing in Defendants' Song – introduction or otherwise – that even remotely sounds like a four-bar melody found in Plaintiff's Song.  If the alleged musical similarity is not even perceptible, it certainly cannot form the basis of an allegation of infringement against Defendants.  *See WB Music Corp.,* 2014 U.S. Dist. LEXIS 170008, at *18-20;  *Pyatt,* 2011 U.S. Dist. LEXIS 55754, at *11.

Indeed, simply listening to Plaintiff's Song and Defendants' Song reveals that they do not share any melodic content and there is no meaningful similarity in pitch series, rhythm or rhythmic patterns, melodic development or structure.  As elaborated *infra*, it is respectfully submitted that the Court will hear for itself that these are entirely different songs and no reasonable person could detect, much less conclude, that any of the melodic content of Defendants' Song is similar to Plaintiff's Song, much less substantially similar.  No amount of

discovery will change this, and, to the extent that any infringement claim can be gleaned from the SAC, such a claim fails as a matter of law.[6]

### B.     No "Substantial Similarity" Exists  
### Between Plaintiff's Song And Defendants' Song

Even assuming, *arguendo*, that Plaintiff had alleged even a modicum of similarity of *protectable expression* between the two songs (which he has not) and the Court were to examine the works as a whole, this Court can determine on this motion that no substantial similarity exists between Plaintiff's Song and Defendants' Song as a matter of law.  In determining whether two songs are substantially similar, the Court considers "whether an 'ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same.'"  *Pyatt*, 2011 U.S. Dist. LEXIS 55754, at *11 (citations omitted).

---

[6] While no longer alleged in the SAC, to the extent Plaintiff's copyright infringement claim is premised on the (different) titles of the two songs – "XO" and "XOXO" – or on use the of the letters (or, at best, the phrase) "XO" in the lyrics of Defendants' Song, such claim fails as a matter of law.  It is well-settled that letters, words and short phrases, including names and titles, are simply not original protectable expression and cannot form the basis of an infringement claim.  *See* 37 C.F.R. § 202.1(a) ("[w]ords and short phrases such as names, titles, and slogans" are material not subject to copyright); *Boone v. Jackson*, 206 F. App'x 30, 33 (2d Cir. 2006) (finding that the common phrase "holla back" is not protectable); *Acuff-Rose Music v. Jostens, Inc.*, 155 F.3d 140, 143 (2d Cir. 1998) (finding the phrase, "you've got to stand for something, or you'll fall for anything" too common to accord copyright protection); *Bell*, 2001 U.S. Dist. LEXIS 2783, at *6 ("Words and short phrases, such as titles or slogans, are insufficient to warrant copyright protection, as they do not exhibit the minimal creativity required for such protection."); *Edwards v. Raymond*, 22 F. Supp. 3d 293, 299 (S.D.N.Y. 2014) (granting motion to dismiss where plaintiff claimed infringement based on two songs sharing the same title, "Caught Up"); *Chapman v. Universal Motown Records Grp.*, No. 08 Civ. 3255(LAP), 2010 U.S. Dist. LEXIS 11015, at *11-12 (S.D.N.Y. Feb. 3, 2010) (rejecting copyright infringement claim based on both songs sharing the title and lyrics "Lean Back"); *Gottwald v. Jones*, No. 11 Civ. 1432 (CM) (FM), 2011 U.S. Dist. LEXIS 103414, at *16 (S.D.N.Y. Sept. 12, 2011) (holding that "drop top" is a colloquial phrase and, as such, "is not subject to copyright protection"); *Pyatt*, 2011 U.S. Dist. LEXIS 55754, at *22-23 (holding that the phrase "caught up" was not subject to copyright protection); *Oldham v. Universal Music Grp.*, No. 09 Civ. 7385 (LMM), 2010 U.S. Dist. LEXIS 126697, at *9 (S.D.N.Y. Nov. 29, 2010) (granting defendant's Rule 12(c) motion, and dismissing plaintiffs' copyright infringement claim based, *inter alia*, on the use of the word "why"); *see also Dobson v. NBA Props., Inc.*, No. 98 Civ. 7696, 1999 U.S. Dist. LEXIS 1834, at *5 (S.D.N.Y. Feb. 19, 1999) ("The law is clear, however, that words and short phrases, such as names, titles, and slogans are not subject to copyright") (citations and quotations omitted); *Currin v. Arista Records, Inc.*, 724 F. Supp. 2d 286, 293 (D. Conn. 2010) (holding that the title of the song, "frontin," is a "non-protectible element of the plaintiffs' song"), *aff'd sub nom.*, *Currin v. Williams*, 428 F. App'x 21 (2d Cir. 2011).

"In the context of music plagiarism, the Second Circuit has described this ordinary observer test as requiring proof that 'defendant took from plaintiff's works so much of what is pleasing to the ears of lay listeners, who comprise the audience for whom such . . . music is composed, that defendant wrongfully appropriated something which belongs to the plaintiff.'" *Id.* at *11-12 (citations omitted). Courts are guided by a comparison of the "total concept and overall feel" of the two songs "as instructed by [its] good eyes and common sense . . . ." *Edwards*, 22 F. Supp. 3d at 300-01 (quoting *Peter F. Gaito Architecture*, 602 F.3d at 66).

Defendants have attached recordings of both songs with this Motion. (*See* Farkas Decl. ¶ 3 & Ex. B; *see also* SAC ¶¶ 9-10 & Exs. 1-2.) A comparison of the "total concept and overall feel" of the two songs "with good [ears] and common sense" reveals that the "average observer would not recognize [Defendants' Song] as having been appropriated from [Plaintiff's Song]." *Pyatt*, 2011 U.S. Dist. LEXIS 55754, at *19, *27 (quoting *Peter F. Gaito Architecture*, 602 F.3d at 67).

A comparison of the songs' lyrics illustrates vast differences between the two works. Indeed, apart from the use of the letters "X" and "O" (which do not "belong" to Plaintiff), there are no other discernible similarities between the songs' lyrics. Moreover, the lyrical and musical use and development of these non-protectable letters or elements is distinctively and dramatically different in each song. In Plaintiff's Song, the letters are sung in a repetitive call and response format with different vocalists singing the "X" and the "O". (Farkas Decl. Ex. B, Track 2.) Further, in Plaintiff's Song, the "X" and "O" call and response appears in the chorus and is repeated dozens of times throughout the song. (*Id.*)

In contrast, in Defendants' Song, the "XO" lyrical phrase is not used in the song's chorus, and is only featured in a section of Defendants' Song that appears only once, and not until 2

minutes and 30 seconds into the 3:30 minute song.  (*See* Farkas Decl. Ex. B, Track 1.)  These letters are sung together by a single vocalist (Ms. Knowles-Carter) as part of the lyrical sentence "I love you like XO" in this one section.  (*Id.*)

Moreover, the two songs are distinct from a thematic perspective, with the Plaintiff's Song describing the narrator's romantic and sexual feelings toward a new love interest.  He sings "first I think you want me, then you don't," he speaks of being "horny," being "shut down" and loving "every inch of you."  (*See* Farkas Decl. Ex. B, Track 2.)  On the other hand, the Defendants' Song expresses an uplifting celebration of love and life, emphasizing the importance of living in the present with a loved one "before our time has run out."  (*See* Farkas Decl. Ex. B, Track 1.)  She celebrates her love by singing, "in the darkest night hour, search through the crowd, your face is all that I see, I've given you everything, baby love me lights out."  (*Id.*) Simply put, the "feel" of these two songs is entirely different and cannot possibly support a finding of substantial similarity.  *Edwards*, 22 F. Supp. 3d at 300-01; *Pyatt*, 2011 U.S. Dist. LEXIS 55754, at *23, *26-27.

The music of the two songs is also vastly different.  Any ordinary observer can easily recognize the substantial difference in overall musical impression between the songs.  Plaintiff's Song is a slow, R&B style song, starting with a lengthy instrumental introduction of 43 seconds (versus the 4 second introduction of Defendants' Song).  Defendants' Song, on the other hand, is a midtempo pop power ballad.  Virtually every minute of Defendants' Song is filled with vocals from Carter, while the first vocals in Plaintiff's Song are not heard until 43 seconds into the song. The melodies of each song, the production and the instrumentation used in each are also entirely different.  No average observer could possible listen to Defendants' Song and conclude it was appropriated from Plaintiff's Song.  *Pyatt*, 2011 U.S. Dist. LEXIS 55754, at *27.

The Court can hear for itself that the two songs are distinct works, and leave the listener with entirely different impressions.  No average observer would recognize Defendants' Song as having been appropriated from Plaintiff's Song.  Accordingly, there is no actionable similarity between protectable elements of Plaintiff's Song and Defendants' Song, and Plaintiff's SAC should be dismissed with prejudice.

### C.   Plaintiff Has Not Pled Ownership Of A Valid Copyright In The Music Of Plaintiff's Song

Plaintiff's claim for copyright infringement of the music to Plaintiff's Song must also be dismissed because Plaintiff has not alleged that he holds a valid copyright registration for this music.  Section 411(a) of the Copyright Act makes clear that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a).  "Indeed, [t]he absence of a valid copyright registration . . . would bar a plaintiff from bringing a viable copyright infringement action."  *John Wiley & Sons, Inc. v. DRK Photo*, 998 F. Supp. 2d 262, 283 (S.D.N.Y. 2014) (quotation marks & citation omitted).[7]

At best, Plaintiff holds a copyright to the **lyrics** of "XOXO" – not the music thereof.  (*See* SAC, Ex. 3.)  Indeed, in the registration for "XOXO," Plaintiff expressly concedes that the "music" is "[m]aterial excluded from this claim."  (*Id.*)  Accordingly, as Plaintiff's claim is based on the alleged infringement of the music of "XOXO," Plaintiff does not own a valid copyright in this material, and his claim must be dismissed.

Moreover, Plaintiff's belated attempt to introduce a "Production Agreement" into these proceedings does nothing to salvage his claim.  (*See* SAC ¶ 9 & Ex. 4; Farkas Decl. ¶ 4 & Ex. C.)

---

[7] Although the Supreme Court's recent decision in *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010), indicates that the registration requirement is not jurisdictional, registration still remains a statutory prerequisite to filing suit.  17 U.S.C. § 411(a).

This "Production Agreement" does not supersede the express statutory requirement that a plaintiff must have a valid copyright registration on file with the U.S. Copyright Office in order to bring suit. The only registration on file is one which explicitly provides that the "music" is "excluded" from the copyright registration for "XOXO". (*See* SAC, Ex. 3.) Accordingly, Plaintiff does not own a valid copyright in this material – a prerequisite to filing suit – and his claim must be dismissed. *See* 17 U.S.C. § 411(a): *John Wiley & Sons, Inc.*, 998 F. Supp. 2d at 282-83; *Kamanou*, 2012 U.S. Dist. LEXIS 7647, at \*16-18 (dismissing copyright infringement claim against *pro se* plaintiff where plaintiff did not have a registered copyright in the work at issue). Of course, Plaintiff's claims can be completely and finally dismissed as a matter of law for the reasons stated in Sections II.A-B, *supra.*[8]

### D.  Plaintiff Has Not Stated A Claim For Infringement Of "Artwork"

Finally, to the extent Plaintiff is asserting a claim based on infringement of his "artwork" for "XOXO," such claim has no basis in law or fact and must be dismissed.   The SAC contains the vague and conclusory allegation that the Artwork in Exhibit 5 "provides visual proof of the Defendants infringement on the Plaintiff's original and copyrighted work." (SAC ¶ 8 & Ex. 5; Farkas Decl. ¶ 5 & Ex. D.) *First,* Plaintiff fails to allege that he has a valid copyright registration for any "artwork" associated with "XOXO," let alone the specific image contained in Exhibit 5.[9] As discussed *supra*, a plaintiff must "either hold a valid copyright registration outright or have applied and been refused a registration prior to filing a civil claim." *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, No. 09 CV 2669 (LAP), 2012 U.S. Dist. LEXIS 42791,

---

[8] It is respectfully submitted, however, that even if Plaintiff could legitimately file for registration of the music for Plaintiff's Song, Plaintiff's claim for infringement should nevertheless be dismissed because, whether he owns the material at issue or not, no infringement claim can be stated as a matter of law.

[9] Should the SAC survive this Motion, Defendants will dispute that Exhibit 5 accurately depicts artwork associated with Defendants' Song.

at *13-14 (S.D.N.Y. Mar. 26, 2012); *see also* 17 U.S.C. § 411(a).  Here, Plaintiff does not allege that he holds a valid copyright registration in any artwork at issue nor does he allege that he has applied for and been refused a registration prior to filing this lawsuit.

*Second*, even if Plaintiff had a valid copyright in some artwork associated with "XOXO" – which he does not – and, assuming (for the purposes of this motion only) that what Plaintiff has attached as Exhibit 5 is an image of actual cover art associated with Defendants' Song and what appears to be a possible screenshot image of Defendant Carter and, assuming further, that Plaintiff's images can even be considerable copyrightable "artwork," there are no similarities between any protectable elements contained in these images.  At best, Exhibit 5 shows that both Plaintiff and Defendants may have utilized a font color on a black backdrop in connection with some possible undefined "artwork" related to their songs.  *See, e.g.*, 37 C.F.R. § 202.1(a) (explaining that "variations of typographic ornamentation, lettering or coloring" are "not subject to copyright").  This is hardly protectable expression.

Accordingly, to the extent Plaintiff's claim is based on allegedly infringing "artwork," such claim must be dismissed.

## CONCLUSION

Plaintiff has been given multiple opportunities to plead any cognizable claim against Defendants based on Defendants' Song, at considerable expense to Defendants. Even with the benefit *two* detailed Motions to Dismiss and the authorities cited therein, he has failed to do so. Pursuant to Court's August 7, 2015 Order and for the reasons stated herein, it is respectfully submitted that Defendants' Motion should be granted and Plaintiff's SAC should be dismissed in its entirety with prejudice.

Dated: New York, New York
      August 21, 2015

                                      **PRYOR CASHMAN LLP**

                                      By:     */s Ilene S. Farkas*
                                              Brad D. Rose (BR-2740)
                                              brose@pryorcashman.com
                                              Ilene S. Farkas (IF-3212)
                                              ifarkas@pryorcashman.com
                                              Rebecca M. Siegel (RS-1137)
                                              rsiegel@pryorcashman.com
                                      7 Times Square
                                      New York, New York 10036
                                      Tel: (212) 421-4100

                                      *Attorneys for Defendants Beyoncé Giselle Knowles-Carter and Parkwood Entertainment, LLC*