UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

AHMAD JAVON LANE,

                        Plaintiff,

                -v-

BEYONCÉ GISELLE KNOWLES-CARTER, and
PARKWOOD ENTERTAINMENT,

                        Defendants.

------------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 10/21/15

14 Civ. 6798 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

    This case involves a claim of copyright infringement against the popular recording artist Beyoncé Giselle Knowles-Carter ("Beyoncé").[1]  Plaintiff Ahmad Javon Lane, proceeding *pro se*, alleges that in June 2013, he gave a digital copy of his original song, "X.O.X.O." ("XOXO"), to Chrissy Collins, a background singer for Beyoncé.  Lane claims that Beyoncé, along with other non-parties to this action, infringed XOXO when they created the song "X.O." ("XO").  Lane sues Beyoncé and Parkwood Entertainment ("Parkwood") for damages of $7.1 million.

    Before the Court now is defendants' motion to dismiss, with prejudice, Lane's Second Amended Complaint ("SAC"), pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6).  For the following reasons, the Court grants this motion.

---

[1] Beyoncé states that the SAC wrongly identifies her as "Beyoncé Knowles Carter."  Dkt. 45, at 1.

## I.     Background

### A.      Factual Background[2]

On June 20, 2013, Lane sent a digital copy of XOXO to Collins, Beyoncé's background

singer.  SAC ¶ 5.  On June 22, 2013, Lane, as the owner and author of XOXO, registered his

claim with respect to the lyrics for that song with the U.S. Copyright Office, with the registration

number Pau 3-683-352.  *Id.*, Ex. 3 (Copyright Certificate); *id.* ¶ 7.  Lane claims that thereafter,

Beyoncé, along with non-parties Collins, Terrius Nash, and Ryan Tedder, used the digital copy

of XOXO to create XO.  *Id.* ¶ 5.

Lane claims that he has the exclusive rights to a "sequence 4-bar introduction" (the

"Beat"), which he alleges defendants used at the beginning of XO.  *Id.* ¶ 6; Dkt. 47 ("Farkas

---

[2] Except as otherwise noted, the Court's account of the facts of this case is drawn from the SAC
and the exhibits attached thereto.  Dkt. 39 ("SAC").  In the SAC, Lane states that he attached (1)
copies of the musical recordings of XOXO and XO; (2) the copyright registration certificate for
XOXO; (3) a production agreement that states that Lane has the exclusive rights to the Beat; and
(4) artwork and photos for XOXO and XO.  SAC ¶ 9.  However, only the copyright registration
certificate was attached.  Defense counsel has supplied the Court with these exhibits.  *See* Dkt.
47 ("Farkas Decl."); *see also* Dkt. 46 ("Defs. Br."), at 5, n.4.  The Court therefore cites to the
exhibits attached to the Farkas Declaration.

Because "the works themselves supersede and control contrary descriptions of them" in the
pleadings in copyright infringement cases, *Peter F. Gaito Architecture, LLC v. Simone Dev.
Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation omitted), courts in this District generally listen to
the songs at issue when evaluating a motion to dismiss.  *See, e.g.*, *McDonald v. West*, No. 14
Civ. 8794 (AJN), 2015 WL 5751197, at *2 (S.D.N.Y. Sept. 30, 2015); *Edwards v. Raymond*, 22
F. Supp. 3d 293, 297 (S.D.N.Y. 2014); *TufAmerica, Inc. v. Diamond*, 968 F. Supp. 2d 588,
592–93 (S.D.N.Y. 2013); *Pyatt v. Raymond*, No. 10 Civ. 8764 (CM), 2011 WL 2078531, at *4
(S.D.N.Y. May 19, 2011).  The Court has done so here.  Although the text and lyrics of XO and
XOXO were not attached to the SAC, they were incorporated by reference, by virtue of the
SAC's references to the recordings of those two works.  The Court may therefore consider the
text and lyrics of XO and XOXO in evaluating the motion to dismiss.  *See McDonald*, 2015 WL
5751197, at *2 (citing *Edwards*, 22 F. Supp. 3d at 297).  Of course, in resolving the motion to
dismiss, the Court has assumed all well-pled facts to be true and has drawn all reasonable
inferences in favor of the plaintiff, *see Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir.
2012), and, as to the facts, has considered only the SAC and the documents incorporated therein.

Decl."), Ex. C ("Production Agreement").  In claiming that he has exclusive rights to the Beat,

Lane provides a May 19, 2014 production agreement between himself (the artist) and David

Abisinito (the producer and owner of the Beat).  Under the Production Agreement, Lane, in

exchange for paying Abisinito $150 and agreeing to give Abisinito "applicable credit for the

writing of music embodied in said recordings," received the "exclusive use of any and all of

these tracks."  The track listed in the agreement is entitled "RedEye."

As further purported evidence that defendants infringed on the XOXO copyright, Lane

attaches the following promotional artwork and photos used by Beyoncé in connection with XO:



Farkas Decl., Ex. D.

### B.   Procedural History

On August 20, 2014, Lane filed an initial Complaint.  Dkt. 1.  On May 15, 2015, Lane, in

response to defendants' motion to dismiss, filed a First Amended Complaint ("FAC").  Dkt. 27.

On June 4, 2015, defendants moved to dismiss the FAC, Dkt. 28, and the Court set a briefing schedule for that motion, Dkt. 31.

On July 28, 2015, Lane untimely moved to file a Second Amended Complaint ("SAC") to add factual allegations and exhibits.  Dkt. 37.  On July 30, 2015, Lane filed the SAC, Dkt. 39, which brings one claim of copyright infringement, and seeks damages of $7.1 million, *id.* at 4.[3]

On August 21, 2015, defendants filed their motion to dismiss the SAC, Dkt. 45, along with a supporting memorandum of law, Dkt. 46 ("Defs. Br."), and a declaration by Ilene S. Farkas, defendants' counsel, Dkt. 47 ("Farkas Decl."), which attached, *inter alia*, a compact disc containing recordings of XO and XOXO.  On September 9, 2015, Lane filed his opposition to the motion to dismiss.  Dkt. 49 ("Pl. Br.").  On September 17, 2015, defendants filed their reply. Dkt. 50 ("Defs. Reply Br.").

## II.     Applicable Legal Standards

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief."  *Twombly*, 550 U.S. at 558.  Accordingly, a district court must accept as true all well-pleaded factual allegations in the complaint, and draw all inferences in the plaintiff's favor.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.

---

[3] On August 7, 2015, the Court, out of solicitude for Lane's status as a *pro se* plaintiff, granted Lane leave to file the SAC.  Dkt. 40.

2007).  However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  A

pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a

cause of action will not do." *Twombly*, 550 U.S. at 555.

District courts are "obligated to construe *pro se* complaint[s] liberally," *Harris v. Mills*,

572 F.3d 66, 72 (2d Cir. 2009), interpreting them "to raise the strongest arguments that they

suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).  Courts may

not, however, "read into *pro se* submissions claims that are not 'consistent' with the *pro se*

litigant's allegations, or arguments that the submissions themselves do not 'suggest.'" *Id.* at 477

(citations omitted).  *Pro se* status "does not exempt a party from compliance with relevant rules

of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (quoting

*Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)) (internal quotation marks omitted).

**III.    Discussion**

To establish copyright infringement, "two elements must be proven: (1) ownership of a

valid copyright, and (2) copying of constituent elements of the work that are original." *Feist*

*Publ'ns, Inc. v. Rural Telephone Serv. Co.*, 499 U.S. 340, 361 (1991); *see also Matthew Bender*

*& Co. v. W. Pub. Co.*, 158 F.3d 674, 679 (2d Cir. 1998).  As to the second element, a "plaintiff

must show both that his work was 'actually copied' and that the portion copied amounts to an

'improper or unlawful appropriation.'" *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d

Cir. 2003) (quoting *Castle Rock Entm't, Inc. v. Carol Publ'g Grp., Inc.*, 150 F.3d 132, 137 (2d

Cir. 1998)); *see also Webb v. Stallone*, 555 F. App'x 31, 32 (2d Cir. 2014) (summary order).

Defendants move to dismiss Lane's copyright infringement claim on multiple grounds.

Among others, they argue that (1) Lane does not have standing to bring such a claim as to the

music in XOXO because Lane has failed to allege a valid copyright registration, and (2) even if

he did, that XOXO and XO are not substantially similar.  The Court considers these arguments in turn.[4]

### A.     Lack of Standing

Defendants argue that the SAC does not adequately allege that Lane holds a valid copyright registration for the music in XOXO.  Defs. Br. 14–15.  Under the Copyright Act, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a); *see also Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 158 (2010) ("It establishes a condition—copyright registration—that plaintiffs ordinarily must satisfy before filing an infringement claim and invoking the [Copyright] Act's remedial provisions.").

"Courts in this Circuit have . . . required that a plaintiff either hold a valid copyright registration outright or have applied and been refused a registration *prior* to filing a claim, both before and after *Reed Elsevier*."  *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, No. 09 Civ. 2669 (LAP), 2012 WL 1021535, at *5 (S.D.N.Y. March 26, 2012) (emphasis in original) (collecting cases); *see also BWP Media USA, Inc. v. Gossip Cop Media, LLC*, 87 F. Supp. 3d 499, 503 (S.D.N.Y. 2015) ("Although registration is not required to obtain copyright protection, . . . it is a prerequisite to bring an infringement action in federal court."); *Small Business Bodyguard, Inc. v. House of Moxie, Inc.*, No. 14 Civ. 7170 (CM), 2014 WL 5585339, at *4 (S.D.N.Y. Oct. 30, 2014) ("Without a valid registration by the date the lawsuit is

---

[4] Defendants also argue that, to the extent Lane asserts infringement as to XOXO's artwork, that claim should be dismissed.  Defs. Br. 15–16.  Lane, however, disclaims bringing such a claim. Pl. Br. 12.  Lane explains that the photos in the SAC are "further evidence, albeit indirect, that establishes that the Defendant[s] knew about [Lane's] original work titled XOXO and that the Defendant[s] infringed upon said original work."  *Id.*

commenced, a party lacks standing to sue for copyright infringement."); *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 616 (S.D.N.Y. 2013) ("A properly plead[ed] copyright infringement claim must allege . . . that the copyrights have been registered in accordance with the statute.") (quoting *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992) (alteration in *Warren*)).[5]

Here, Lane has provided a copy of the copyright registration certificate, which clearly states that Lane is the copyright claimant as to XOXO's lyrics. SAC, Ex. 3. Lane, however, does not claim infringement of XOXO's lyrics, but only its music, and the copyright certificate excludes rights to the music. Lane's argument as to the music is that he has standing to sue for its infringement because, under the Production Agreement, he was granted exclusive rights to use the Beat. Pl. Br. 13. It is true that "persons who have been granted exclusive licenses by owners of copyrights" have standing to sue for copyright infringement. *Eden Toys, Inc. v. Florelee Undergarment Co.*, 697 F.2d 27, 32 (2d Cir. 1982), *superseded on other grounds by* Fed. R. Civ. P. 52(a). But Lane has failed to allege that Abisinito, the owner of the Beat who licensed use of it to Lane, has a validly registered copyright in the Beat. Such an allegation is a prerequisite for bringing a copyright infringement claim. *See Warren*, 952 F. Supp. 2d at 616.

Lane's copyright infringement claim must therefore be dismissed for lack of standing. However, the infirmities affecting Lane's standing are potentially correctable: Lane could potentially amend the SAC to allege that Abisinito has a validly registered copyright in the Beat, or Lane himself could potentially obtain a copyright registration in the XOXO music.

---

[5] In *Reed Elsevier*, the Supreme Court "decline[d] to address whether § 411(a)'s registration requirement is a mandatory precondition to suit that . . . district courts may or should enforce *sua sponte* by dismissing copyright infringement claims involving unregistered works." 559 U.S. at 171.

Accordingly, the Court would ordinarily make a dismissal on this ground without prejudice, unless it were clear that no substantive claim of copyright infringement could lie.  *See Small Business Bodyguard*, 2014 WL 5585339, at *4 (dismissing copyright claim without prejudice where plaintiff failed to allege that it had a validly registered copyright); *cf. Graham v. Macy's Inc.*, No. 14 Civ. 3192 (PAE), 2015 WL 1413643, at *5 (S.D.N.Y. March 23, 2015) ("If the problems with a claim are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to replead would be 'futile' and 'should be denied.'") (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).  The Court accordingly turns to consider whether a claim of copyright infringement here—based on the music and/or lyrics of the two songs—would be substantively viable.

### B.      Copyright Infringement

Defendants argue that a copyright infringement claim here is, unavoidably, substantially deficient because there is no substantial similarity between XOXO and XO.  Therefore, defendants argue, Lane's infringement claim should be dismissed with prejudice

The Second Circuit has "repeatedly recognized that, in certain circumstances, it is entirely appropriate for a district court to resolve [the] question [of substantial similarity] as a matter of law, either because the similarity between two works concerns only non-copyrightable elements of the plaintiff's work, or because no reasonable jury, properly instructed, could find that the two works are substantially similar."  *Peter F. Gaito Architecture, LLC v. Simone Development Corp.*, 602 F.3d 57, 63 (2d Cir. 2010) (internal quotation marks and citation omitted).  Indeed, "when a defendant raises the question of substantial similarity at the pleadings stage on a motion to dismiss," a district court may determine if there is substantial similarity by "consider[ing] the facts as asserted within the four corners of the complaint together with the

documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Id.* at 64 (internal quotation marks and citations omitted) (collecting cases); *see also Gal v. Viacom Int'l, Inc.*, 403 F. Supp. 2d 294, 305 (S.D.N.Y. 2005) ("[T]here is ample authority for the proposition that a district court may make [a determination as to substantial similarity] on a motion to dismiss for failure to state a claim under Rule 12(b)(6)."). And, "[w]hen a court is called upon to consider whether the works are substantially similar, no discovery or fact-finding is typically necessary, because what is required is only a visual [or aural] comparison of the works." *Peter F. Gaito*, 602 F.3d at 64. (internal quotation marks and citations omitted). "If, in making that evaluation, the district court determines that the two works are not substantially similar as a matter of law, the district court can properly conclude that the plaintiff's complaint, together with the works incorporated therein, do not plausibly give rise to an entitlement to relief." *Id.* (internal quotation marks and citations omitted).

"To qualify for copyright protection, a work must be original to the author," meaning "that the work was independently created by the author (as opposed to copied from other works), and that it must possess at least some minimal degree of creativity." *Feist*, 499 U.S. at 345. In evaluating copyright infringement claims, courts have found the following elements, relevant here, to be non-copyrightable: (1) meter and tempo, *see Currin v. Arista Records, Inc.*, 724 F. Supp. 2d 286, 293 (D. Conn. 2010); (2) a single note, *see Poindexter v. EMI Record Group, Inc.*, No. 11 Civ. 559 (LTS) (JTC), 2012 WL 1027639, at *4 (S.D.N.Y. March 27, 2012); *McDonald v. Multimedia Entertainment, Inc.*, No. 90 Civ. 6356 (KC), 1991 WL 311921, at *3, n.2 (S.D.N.Y. July 19, 1991); (3) words and short phrases, such as titles or slogans, *see Bell v. Blaze Magazine*, No. 99 Civ. 12342 (RCC), 2001 WL 262718, at *2 (S.D.N.Y. March 16, 2001) (citing *Arica Institute, Inc. v. Palmer*, 970 F.2d 1067, 1072 (2d Cir. 1992)); and (4) common rhythms,

song structures, and harmonic progressions, *see Velez v. Sony Discos*, No. 05 Civ. 615 (PKC), 2007 WL 120686, at *12 (S.D.N.Y. Jan. 16, 2007); *Intersong-USA v. CBS, Inc.*, 757 F. Supp. 274, 282 (S.D.N.Y. 1991).

As to substantial similarity, "an allegedly infringing work is considered substantially similar to a copyrighted work if the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same." *Boisson v. Banian, Ltd.*, 273 F.3d 262, 272 (2d Cir. 2001) (internal quotation marks and citation omitted). However, "where a plaintiff's work is not 'wholly original,' but rather incorporates elements from the public domain," *id.* (citing *Key Publ'ns, Inc. v. Chinatown Today Publ'g Enters., Inc.*, 945 F.2d 509, 514 (2d Cir. 1991)), a "more discerning observer" test must be applied, wherein "the Court must look for substantial similarity between the allegedly infringing work and the *original protected elements* of the plaintiff's creation," *McDonald*, 2015 WL 5751197, at *4 (citing *Boisson*, 273 F.3d at 272) (emphasis added). In applying the "more discerning observer" test, "the Court must make sure to engage in a holistic comparison of the two works, looking for substantial similarity that is apparent 'only when numerous aesthetic decisions embodied in the plaintiff's work of art—the excerpting, modifying, and arranging of [unprotectible components] . . . —are considered in relation to one another.'" *Id.* (quoting *Peter F. Gaito*, 602 F.3d at 66) (alterations in *Peter F. Gaito*).

Here, the SAC claims that defendants infringed on XOXO by "using a sequence 4 bar introduction [*i.e.*, the Beat] that was sampled at the beginning" of XO. SAC ¶ 6. It also alleges that XOXO and XO are substantially similar when viewed holistically. *Id.* ¶ 5 (claiming that defendants used the digital copy of XOXO to create XO). Below, the Court evaluates, in turn, the Beat and the songs, to determine whether (1) the similarities between the two songs concern

copyrightable parts of XOXO, and (2) a reasonable and properly instructed jury could conclude that there is substantial similarity.

### 1.     Use of "the Beat"

Lane alleges one specific musical similarity between XOXO and XO—the use of the Beat at the beginning of XO.  SAC ¶ 6.  But "[m]usical structures composed of eight-bar phrases [or, in this case, a four-bar phrase] are so commonplace that they have previously been the subject of an opinion concluding that such structures are not protectable."  *McDonald*, 2015 WL 5751197, at *6 (citing *Velez*, 2007 WL 120686, at *12).

Judge Conger's decision in *Jones v. Supreme Music Corp.*, 101 F. Supp. 989 (S.D.N.Y. 1951), which also involved allegedly similar four-bar phrases, is instructive.  There, the plaintiff, an author of a song, claimed that defendants had copied that song.  *Id.* at 990.  Specifically, the plaintiff alleged that eight of the first 10 notes in the first five bars of her song were identical to eight of defendant's nine notes in the same five bars.  *Id.* at 991.  Upon comparing the songs, Judge Conger found that only the "first four bars of each piece" were similar, and held that such similarity "do[es] not spell piracy or theft."  *Id.* at 992 (citing *Darrell v. Joe Morris Music Co.*, 113 F.2d 80, 80 (2d. Cir. 1940); *Arnstein v. Edward B. Marks Music Corp.*, 82 F.2d 275, 277 (2d Cir. 1936)).  Similarly, here, XO's and XOXO's use of a common four-bar phrase, if found, would not establish substantial similarity between them.

### 2.     The songs

The Court next compares the two songs holistically.  "Even if the individual elements that make up Plaintiff's song are uncopyrightable, they may represent a protected selection and arrangement of unprotectable elements.  The Court must therefore check for substantial similarity apparent only when numerous aesthetic decisions embodied in the plaintiff's work . . .

are considered in relation to one another."  *McDonald*, 2015 WL 5751197, at *6 (internal

quotation marks and citation omitted).

## i.      Lyrics

Defendants assert that "[a] comparison of the songs' lyrics illustrates vast differences"

between XOXO and XO.  Defs. Br. 12.  And, they argue, aside from the use of the letters "X"

and "O," "there are no other discernible similarities between the songs' lyrics."  *Id.*

The lyrics of the two songs are reproduced in full in Appendix A to this decision.  The

Court, after listening to both songs and reviewing their lyrics, finds that no reasonable jury could

find the lyrics of XO and XOXO substantially similar.  Indeed, aside from the fact that both

songs' lyrics use the letters "X" and "O," there is virtually *nothing* common to the two songs'

lyrics.  The use in music or other parlance of these two letters is hardly unusual.  "XOXO" is

commonly used in society, including in letters and electronic communications, to signify "kisses

and hugs."  *See* Sonia Saraiya, *Gossip Girl: "New York, I Love You, XOXO*," A.V. Club, Dec.

18, 2012, http://www.avclub.com/tvclub/gossip-girl-new-york-i-love-you-xoxo-90012; Sean

Hutchinson, *Why Does "XOXO" Mean "Kisses and Hugs"?*, Mental Floss, Dec. 17, 2012,

http://mentalfloss.com/article/31929/why-does-xoxo-mean-kisses-and-hugs; *XOXO*, Urban

Dictionary, http://www.urbandictionary.com/define.php?term=xoxo (last visited Oct. 21, 2015).

The letters "X" and "O" are also used in a host of other quotidian applications, including, for

generations, by players of tic-tac-toe.  *See Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140,

143–44 (2d Cir. 1998) (affirming district court's finding that the phrase "You've got to stand for

something, or you'll fall for anything" to have "enjoyed a robust existence in the public domain

long before [the plaintiff] employed it for his song's title and in the key lyrics," and thus

"lacked the requisite originality to warrant protecting . . . given the widespread popular usage of

the phrase"); *see also Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d

127, 132 (2d Cir. 2003).

Notably, too, the two songs deploy the letters "X" and "O" differently.  Lane sings

"Thinking about your X, O" and "In lust, O," whereas Beyoncé sings: "I love you like XO, You

love me like XO, You kill me boy XO, You love me like XO."  Beyoncé's song thus consistently

uses "XO" as a single expression; Lane sometimes uses "O" alone.

Broadening the analysis beyond the fact that the songs both use those two letters, the

choruses of the two songs have *no* words in common, save the musically ubiquitous words "I,"

"you," "your," "is," and "baby":

| XOXO | XO |
|---|---|
| First I think you want me | In the darkest night I'll |
| Then I don't | I'll search through the crowd |
| Soon as I get horny | Your face is all that I see |
| Lead me on | I'll give you everything |
| And then shut it down | Baby, love me lights out |
|  | Baby, love me lights out |
| Your body is the promise | You can turn my lights out |
| I'm being honest |  |
| Then baby you're on it |  |
| And I'm loving all of you |  |
| Every inch of you |  |

And the content and themes of two songs are distinct.  Defendants fairly characterize

Lane's song, XOXO, as describing "the narrator's romantic and sexual feelings toward a new

love interest," whereas Beyoncé's song, XO, "expresses an uplifting celebration of love and life,

emphasizing the importance of living in the present with a loved one 'before our time has run

out.'"  Defs. Br. 13 (quoting the lyrics in XO).

To be sure, both songs are directed toward a romantic interest.  But beyond that, they

diverge.  XOXO's lyrics are explicitly sexual, while XO's are substantially more tame and

metaphorical.  The singer in XOXO leaves little to the imagination, describing himself as

"horny" and singing that his love interest's "body is the promise."  Lest the point be missed, the

XOXO singer adds that he is "loving all of you, every inch of you."  He sings that he wants to

"be the one" his love interest wants and needs.  In XO, by contrast, the lyrics combine light and

dark imagery (*e.g.*, "bright," "shadows," "glowing," "darkest night," "lights out").  And the

invocation of romantic intimacy is considerably more subtle:  The singer professes that her

romantic interest's "love is bright as ever" and implores the love interest to "kiss [her] before

they turn the lights out."  She also sings that "[i]n the darkest night [she'll] search through the

crowd" and see only her love interest's face.

     For these reasons, a reasonable jury, having reviewed the lyrics of the two songs, while

finding points of commonality, could not find that XOXO and XO are lyrically and thematically

substantially similar.

ii.     <b>Music</b>

     As to the music in the two songs at issue, the Court, having listened to the two songs back

to back, finds little, if anything, in common between XOXO and XO.

     XOXO is four minutes and 28 seconds long.  It starts with a 40-second instrumental

before Lane begins singing.  Beyoncé's vocals in XO, in contrast, commence some four seconds

into the song, which is three minutes and 36 seconds long.  Further, XOXO, an R&B-style song,

has a slower tempo overall, whereas XO is a mid-tempo pop ballad.  An additional contrast is

that while XOXO begins with a faster tempo, it slows down once Lane's vocals begin, whereas

in XO, the song's initial tempo is relatively slow, but quickens as Beyoncé reaches the chorus.

     A listener, further, would quickly grasp that the melodies of the two songs are completely

different.  XOXO is sung primarily by Lane, with another male vocal singing "O" in parts of the

14

chorus.  In XO, by contrast, Beyoncé is supported, at times, by a vocal track in which a male

sings and supplies a background layer to her song.  And Beyoncé's song, XO, has more

production complexity to it than Lane's song, XOXO—aside from Beyoncé's own vocals, there

is a variety of beats, instrumental samples, and supporting background vocal tracks that are

absent from XOXO.  The two songs also have a different feel—an appreciative fan would term

Lane's track seductive and personal, and Beyoncé's track joyous and uplifting.

For all these reasons, based on close review of the music and lyrics, the Court finds that

Lane has failed to plausibly allege substantial similarity.  The differences in XOXO and XO are

stark, and there are very limited copyrightable elements common to the songs.  As a matter of

law, a reasonable jury could not find that XOXO and XO are substantially similar.

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motion to dismiss with prejudice.

The Clerk of Court is respectfully directed to terminate the motion pending at docket

number 48, and close this case.


SO ORDERED.


Paul A. Engelmayer
United States District Judge

Dated: October 21, 2015
        New York, New York

**Appendix A**

| XOXO | XO |
|---|---|
| "Bravestarr Beats" | "Flight controllers here looking very carefully at the situation.  Obviously a major malfunction." |
| Might be too early to say that | |
| I'm falling for you | |
| You got this way of persuasion | Your love is bright as ever |
| And I'm all over you | Even in the shadows |
| | Baby kiss me |
| First I think you want me | Before they turn the lights out |
| Then I don't | Your heart is glowing |
| Soon as I get horny | And I'm crashing into you |
| Lead me on | Baby kiss me |
| And then shut it down | Before they turn the lights out |
| | Before they turn the lights out |
| Your body is the promise | Baby love me lights out |
| I'm being honest | |
| Then baby you're on it | In the darkest night I'll |
| And I'm loving all of you | I'll search through the crowd |
| Every inch of you | Your face is all that I see |
| | I'll give you everything |
| [unintelligible] X | Baby, love me lights out |
| O | Baby, love me lights out |
| Thinking about your X | You can turn my lights out |
| O | |
| Calling for your X | We don't have forever |
| O | Baby daylight's wasting |
| [unintelligible] X | You better kiss me |
| O | Before our time is run out |
| Deeply in lust | Nobody sees what we see |
| O | They're just hopelessly gazing |
| In lust | Baby take me |
| O | Before they turn the lights out |
| In lust | Before time is run out |
| O | Baby love me lights out |
| In lust | |
| | In the darkest night I'll |
| [unintelligible] X | I'll search through the crowd |
| O | Your face is all that I see |
| Thinking about your X | I'll give you everything |
| O | Baby, love me lights out |
| Calling for your X | Baby, love me lights out |
| O | You can turn my lights out |
| [unintelligible] X | |
| O | I love you like XO |

16

| | |
|---|---|
| Deeply in lust | You love me like XO |
| O | You kill me boy XO |
| In lust | You love me like XO |
| O | All that I see |
| In lust | Give me everything |
| O | Baby love me lights out |
| In lust | Baby love me lights out |
| | You can turn my lights out |
| Some people say that I'm crazy | |
| For falling for you | In the darkest night I'll |
| They say you probably changed me | I'll search through the crowd |
| But I'm already different cause you show me | Your face is all that I see |
| something brand new | I'll give you everything |
| | Baby, love me lights out |
| First I think you want me | Baby, love me lights out |
| Then I don't | You can turn my lights out |
| Soon as I get horny | |
| Lead me on | |
| And then shut it down | |
| | |
| Your body is the promise | |
| I'm being honest | |
| Then baby you're on it | |
| And I'm loving all of you | |
| Every inch of you | |
| | |
| [unintelligible] X | |
| O | |
| Thinking about your X | |
| O | |
| Calling for your X | |
| O | |
| [unintelligible] X | |
| O | |
| Deeply in lust | |
| O | |
| In lust | |
| O | |
| In lust | |
| O | |
| In lust | |
| | |
| [unintelligible] X | |
| O | |
| Thinking about your X | |
| O | |

| | |
|---|---|
| Calling for your X<br>O<br>[unintelligible] X<br>O<br>Deeply in lust<br>O<br>In lust<br>O<br>In lust<br>O<br>In lust<br><br>I could be the one you want<br>The one you needed<br>Tell me what you know and if you see it<br>Tell me do you X<br>O<br>Do you<br>O<br><br>I could, I could be the one you want to be with<br>Tell me whatcha, tell me whatcha know and if you see it<br>Tell me do you, do you<br>O<br>O<br>O<br><br>X<br>O<br>Thinking about your X<br>O<br>Calling for your X<br>O<br>[unintelligible] X<br>O<br>Deeply in lust<br>O<br>In lust<br>O<br>In lust<br>O<br>In lust | |

| | |
|---|---|
| [unintelligible] X<br>O<br>Thinking about your X<br>O<br>Calling for your X<br>O<br>[unintelligible] X<br>O<br>Deeply in lust<br>O<br>In lust<br>O<br>In lust<br>O<br>In lust | |